DAVID T. BONNELL

*v.*

JOSHUA NEELY.

</div>

1. STATUTES — *act of* 1845 — *concerning stay of proceedings out of term — who entitled to.* Section 46, of the practice act of 1845, authorizing "a party" out of term, intending to move to set aside or quash any execution, replevin bond, or other proceeding, to apply to a judge at his chambers, for an order staying proceedings, as preliminary to a motion to be made in term time, to

quash the same, applies only to "a party" to the proceedings sought to be quashed.

2. SAME — *not intended for persons not parties to the proceedings.* Persons who are not parties to the proceedings thus sought to be set aside, cannot, by the summary means of a motion, assert adverse rights. Such rights can only be adjusted by the aid of regular proceedings.

3. SAME — *abuse of process.* Under this statute, where there has been an abuse of the process, as between the parties to the proceedings, this summary remedy, by motion, is allowed; but strangers to the proceedings cannot assert their rights in this manner.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. DAVID M. WOODSON, Judge, presiding.

This was a proceeding instituted in the court below, by Joshua Neely, the appellee, under the forty-sixth section of the practice act of 1845, asking for an order to stay an execution issued on a judgment in favor of David T. Bonnell, the appellant, against one Philip English. The single question presented by the record is, whether the statute authorizing this summary remedy, can be resorted to by a person who is not *a party* to the proceedings sought to be quashed. The facts in the case are fully stated in the opinion.

Mr. JAMES W. ENGLISH, for the plaintiff in error.

Messrs. WARREN & POGUE, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Neely, the appellee, was the purchaser of certain real estate under a decree foreclosing a mortgage executed by one English. Bonnell, the appellant, obtained a judgment against English subsequent to the mortgage. An execution was issued on the judgment, and levied on the mortgaged premises, on the 4th of March, 1864, and on the 14th of May, 1864, they were sold to Bonnell. This sale was set aside at the April Term, 1866, as irregular, and a *vend. exp.* was issued directing the sheriff to sell the lands hitherto levied upon. Under the *venditioni* the sheriff proceeded to sell, on the 2d day of June,

19 — 43D ILL.

1866.   Bonnell was the purchaser, and the sheriff treated the amount of his bid as a redemption from the sale to Neely, under the foreclosure, made April 29, 1865, and gave him a certificate of redemption.   The sheriff offered Bonnell a deed, which he declined, and directed the sheriff to resell.   This the sheriff was about to do, when Neely applied to the circuit judge in vacation for an order staying further proceedings on the part of the sheriff.

However irregular these proceedings may have been, and they were certainly a departure from the statute prescribing the mode in which judgment creditors shall redeem, the appellee has mistaken his remedy.   This proceeding was instituted under section forty-six of the practice act authorizing a "party" to apply to a judge in vacation, for an order staying proceedings as preliminary to a motion to be made in term time to quash the writ or other proceedings.   This clearly refers to a party to the "execution, replevin bond or other proceedings," which it is sought to quash.   The statute can never have been intended to authorize third persons to assert adverse rights by the summary means of a motion and have them adjusted without the aid of regular pleadings.   If this proceeding can be sustained, then we should be obliged to hold that the claimant of personal property which has been levied on under an execution to which he is not a party, may have his title tried by means of a motion instead of being driven to an action of replevin or a trial before a jury of the right of property.   We cannot hold this.   When process is abused, as, for example, if the execution has been paid to the sheriff, and he still proceeds to sell, it is very proper that as between the parties this summary remedy should be allowed.   But that strangers should be allowed to have adverse and often complex rights settled in this mode is inconsistent with the spirit of our law.   The judgment of the Circuit Court must be reversed and the petition or motion of Neely dismissed without prejudice to him in any future proceedings.

*Judgment reversed.*