FISKE, KNIGHT & Co., Plaintiffs in Error, *v.* MOSES LAMOREAUX *et al.*, Defendants in Error.

1. *Execution — Motion to quash — Parties.*—Whether any except parties to a record are entitled to submit a motion to quash an execution, questioned.
2. *Execution — Judgment, assignment of — Money paid in purchase of.*— Where the amount due on a judgment is paid by a third party as consideration for its assignment and not in satisfaction of it, the assignee may sue out an execution on the judgment.

### Error to Washington Circuit Court.

*G. I. Van Alen*, for plaintiffs in error.

The motion of plaintiffs in error to quash was proper. (Parker *et al.* v. Waugh, etc., 34 Mo. 340.)

*Louis F. Dinning*, for defendants in error.

No one but the defendant in the execution can move to quash, and no one but the defendant in a judgment can move to set aside except in the case of judgments confessed, and then only for insufficiency of statement.

CURRIER, Judge, delivered the opinion of the court.

This was a proceeding by motion to quash an execution. It appears from the record that the firm of Lamoreaux & Co., in November, 1869, recovered a judgment in the Washington county Circuit Court against one Lumpkin for $2,369.50. An execution was issued and returned satisfied only in part, to-wit: $500. September 13, 1870, an *alias* execution was sued out for the benefit and to the use of Andrew Casey, who had taken an assignment of the judgment.

This execution was levied on the real and personal property of the execution debtor. In October, 1870, the plaintiffs in error obtained a judgment against the same party, on which an execution was duly issued. On the 13th of October, 1870, their attorney appeared in court and filed a motion to quash the *alias* execution which had been issued to the use of Casey, alleging as the ground of the motion, that the judgment upon which the

execution issued had been paid and satisfied through collections under the prior execution. The court overruled the motion, and Fiske & Co. bring the case into this court by writ of error, insisting that their motion ought to have been sustained.

It is questionable, to say the least of it, whether the plaintiffs in error were in a position to appear in the case where they were not parties of record and submit the motion in question. But waiving that point, I find, on looking into the record, that the action of the court below was justified by the state of the evidence. It appears that the Lamoreaux judgment was duly assigned to Casey by a writing bearing date May 10, 1870; that he paid the amount due on the judgment in consideration of the assignment and as a purchaser, and not in the way of extinguishing the judgment.

Lamoreaux's attorney, who is chiefly relied upon to prove the alleged satisfaction, and to whom Casey paid the money, is not able to state that Casey paid a dollar prior to the assignment. He is not certain on that point. There seem to have been several payments. It appears that Casey interposed in the matter in aid of Lumpkin, and procured some delay, assuring the sheriff verbally that he (the sheriff) should not suffer thereby; that he (Casey) would indemnify him.

The whole transaction shows that Casey looked to the judgment as a security for the advances which he ultimately made; that he made these advances as a purchase and not with a view to the satisfaction of the judgment. Lamoreaux & Co. did not regard the judgment as paid by Casey, as their assignment of it shows. The assignment particularly provides for an enforcement of the judgment by Casey, and at his own risk and cost, and the assignment was made a number of months before the plaintiffs in error obtained their judgment. I see no adequate ground for disturbing the order of the court overruling the motion to quash.

Judgment affirmed. The other judges concur.