The State ex rel. Carter v. Clymer.

THE STATE *ex rel.* CARTER, *Collector, Appellant*, v. CLYMER.

**Taxes, Suit to Enforce Collection:** EXECUTION, MOTION TO QUASH BY STRANGER. A stranger to the action, in a suit to enforce the lien of the State for taxes against land, cannot come into court and move to quash the execution and levy upon the ground that he is the true owner of the land, and has not been served with notice of the pendency of the suit. The title to real estate cannot be tried in such manner. The parties are entitled to a jury and time to prepare for trial. If such stranger was not a party defendant in the action to enforce the tax lien, his rights of property in the land were in no way affected thereby.

*Appeal from Henry Circuit Court.*—HON. J. B. GANTT, Judge.

REVERSED.

*B. G. Boone* for appellant.

The appellee, Kleaver Clymer, being a stranger to the proceedings in the suit, was not entitled to appear and file his motion to quash the execution. The law authorizing a party to file a motion to quash an execution in open court, does not apply to a stranger to the record. *Fiske v. Lamoroux*, 48 Mo. 523. The court erred in admitting the testimony of Hallam and Collins. Their testimony was irrelevant, as not tending to prove ownership in the land in the appellee, the deed being the best and proper evidence of title. The court erred in admitting the record of the deed offered by appellee, as it shows on its face that it conveyed the land from Collins to D. K. Clymer, the defendant in the judgment and execution, and not to the appellee,

Kleaver Clymer. The appellee having received and accepted the deed from Collins to D. K. Clymer and placed it on record, is estopped from denying that his name is D. K. Clymer, or that D. K. Clymer was the real owner of the land. It appearing of record that D. K. Clymer was the owner of the land, the suit by the collector was properly brought against D. K. Clymer, and the judgment was in all respects properly rendered against the land.

*M. A. Fyke* for respondent.

The land belonged, at the time the suit was instituted, and still belongs, to Dr. Kleaver Clymer. The deed, the record of which was offered in evidence, and to which action of the court in permitting the same, appellant objects, was from Collins to Dr. K. Clymer, and not to D. K. Clymer; so that notice to D. K. Clymer was no notice to Dr. K. Clymer. The evidence shows that Kleaver Clymer, the owner of the land, is a physician, and in writing the deed the abbreviation "Dr." was not used as any part of the name. It was proper for the court to hear the evidence and quash the execution, as a sale under it would have passed no title, but cast a cloud upon appellee's land. The service in the case was but a constructive one, and it is better for all parties that the defects be pointed out and remedied in this manner than to allow the land to be sold under a defective and erroneous judgment. The point made by appellant that Kleaver Clymer is a stranger to the proceedings, and, therefore, cannot move to quash the execution, is not well taken. He is not a stranger to the proceedings; he is the owner of the land against which the lien is sought. The action of the court in quashing the execution was proper, and ought to be affirmed.

PHILIPS, C.—The appellant, as collector of Henry county, obtained judgment on order of publication against D. K. Clymer, as a non-resident, to enforce the collection of taxes, alleged to have been assessed on lands of D. K.

Clymer. Proof of publication was made, and judgment therein rendered as prayed, enforcing the lien on said land for taxes. Execution was duly issued thereon; the land advertised for sale; and, on the return day of the writ, and the day fixed for such sale, one Kleaver Clymer appeared in court and filed a motion in said cause, setting out, in substance, that he was the true owner of said lands, that he had not been served with any notice of the pendency of said suit, and had not appeared therein, hitherto, and the judgment was not binding on him or said land, and, that the defendant, D. K. Clymer, never owned said land. It was, therefore, moved that said writ be quashed, and the sale stayed.

On the hearing of this motion, evidence was introduced by the promoter of said motion, tending to show that Kleaver Clymer was the owner of said land, and the deed to him was duly recorded in the recorder's office, of said county. In the deed he is designated as Dr. K. Clymer, the evidence showing that he was a practicing physician. To all this evidence the plaintiff in said cause, objected for incompetency, irrelevancy, etc. The court sustained the motion, quashed the writ and stayed the sale. From this action of the court, the plaintiff has appealed to this court.

Several questions are discussed by counsel in their briefs, but there is one, that in our opinion, is decisive of the case, which renders the consideration of any other unnecessary. The principal question is, as to the right of K. Clymer to come into the case by the motion to quash. There is no doubt of the right of a party defendant to interpose a motion to set aside the execution, and levy in given cases; but I have been unable to find any warrant in the statute, or any adjudged case, for a stranger to the suit thus to interfere. The only case in which this question came before this court, where it might have been determined, is that of *Fisk v. Lamoreaux*, 48 Mo. 523. Currier, J., who delivered the opinion, expressed more than a doubt of the right of a stranger to interpose such a motion, but

did not definitely pass on it. Freeman on Executions, section 75, says: "The general rule, that none but the parties to the suit, will be allowed to interfere with its management, is equally applicable to the writ of execution which may be issued at the termination of the action. None but the parties to the writ, who are liable to be injured by it, can complain of the irregularities by which it may be infected. Hence no stranger to the action can obtain an order quashing the execution." The authorities cited, amply support the text. Mr. Justice Lawrence in *Bonnell v. Neely*, 43 Ill. 290, speaking of this matter, says: "If this proceeding can be sustained, then we should be obliged to hold that the claimant of personal property, which has been levied on, under an execution to which he is not a party, may have his title tried by means of a motion, instead of being driven to an action of replevin or a trial before a jury of the right of property. We cannot hold this. That strangers should be allowed to have adverse, and often complex rights settled in this mode, is inconsistent with the spirit of our law."

The case at bar is an apt illustration of the difficulties suggested. K. Clymer, a stranger to the action, appears at the instant of the sale for the enforcement of plaintiff's judgment, and by mere motion, raises questions involving his identity with the person named in the writ, denying any title or interest of the defendant in the writ to the land levied on, and ready for sale, and alleging title in himself to the land. In this summary mode, without other form of pleading, *eo instanti*, the court is called upon, while the sheriff, perhaps, is waiting at the court house door to proceed with the sale, to hear and determine these complex questions of personal identity and of the ownership of real estate. It was, certainly, never in the contemplation of the law, that the title to real estate, between a stranger to the record and the execution defendant, should be tried and disposed of in such a manner. The parties are entitled to a jury, and to time to prepare to try so grave issues, as

provided by statute. Such a method would supersede the action of ejectment in many instances, as well as the orderly and graver proceedings by bills in chancery. If the defendant in the tax suit was not the owner of the property proceeded against, the purchaser would acquire no title. If the said K. Clymer was not a party defendant to that action, for the enforcement of the tax lien, his rights of property in the land were in no way affected.

The judgment of the circuit court must, therefore, be reversed, and the cause remanded. All concur.