HOOVER *et al.* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

In Banc, March 20, 1893.

1. **Practice:** OFFICER'S AND WITNESS' FEES: COMPROMISE.   The fact that the services of the clerk or of the witnesses have been taxed as costs does not entitle them to interfere in a settlement or other stipulation of the parties.

2. ———: JUDGMENT FOR COSTS: EXECUTION.   A judgment for costs is an incident of the judgment and must be in favor of or against a party to the cause, and the party in whose favor it is rendered alone has the right to issue execution therefor.

3. ———: FEE BILL.   A fee bill is the proper remedy of officers and witnesses to recover fees for services rendered by them.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*H. S. Priest* and *H. G. Herbel* for appellant.

(1) A judgment for costs must be rendered in favor of one or the other party to the suit and not in favor of any officers or witnesses.   The right to judgment for costs is purely a statutory one as no such right existed at common law.   *State ex rel. v. Railroad,*

78 Mo. 577; *Steel v. Wear*, 54 Mo. 531; *Thompson v. Elevator Co.*, 77 Mo. 521. The remedy provided for the officers and witnesses is a fee bill and they have no right to intermeddle with the parties in their control of the case. *Beedle v. Mead*, 81 Mo. 306. (2) Litigants can compromise suits and stipulate as to taxation of costs. *Murphy v. Smith*, 86 Mo. 333; *Thompson v. Elevator Co.*, 77 Mo. 522.

*Robert Adams* for respondents.

GANTT, J.—John W. Hoover under the firm name of Hoover & Company recovered a judgment in the circuit court of Jackson county against the Missouri Pacific Railway Company for $6,000, "*and costs of suit.*" From this judgment the railway company appealed to this court, and said judgment was affirmed. A motion for rehearing was filed June 2, 1891, and a rehearing granted.

On the tenth of August, 1891, pending a rehearing, the following stipulation was entered into:

"John W. Hoover and Peter Schultz, under firm name of 'John W. Hoover & Co.,' Respondent.

v.

"The Missouri Pacific Railway Company, Appellant.

"In the Supreme Court of Missouri, October Term, 1891.

"It is hereby stipulated and agreed by and between the respondent and appellant in the case that judgment therein shall be reversed and a judgment in lieu thereof entered for the sum of six thousand six hundred dollars ($6,600); in consideration whereof, the respondent agrees to pay all costs accrued in this

case, save the cost of transcript and docket fee of appeal, and the respondent hereby acknowledges satisfaction of said judgment.

"Dated this tenth day of August, 1891.

"ELI SHERLOCK,

"Assignee of the judgment and attorney of record.

"H. S. PRIEST,

"Attorney for appellant."

This stipulation was filed in division number 1 of this court on October 14, 1891, and judgment rendered in accordance with its terms.

Afterwards on the twenty-second day of December, 1891, the clerk of the circuit court of Jackson county and J. J. Arnold, D. C. Albrittan, A. W. Leviston and T. J. Leviston, alleged to be witnesses in the cause, filed their joint motion in Division number 1 praying this court to retax the costs that had been taxed against the appellee and tax them against the appellant for the following reasons: *First.* This is an action *ex delicto* and the costs are not taxed in favor of the prevailing party in the action.

*Second.* Said costs are taxed by virtue of a stipulation entered into between the attorneys for appellant and appellee, which is a fraud on the rights of the officers and witnesses of the trial court for the following reasons:

"The appellant is a solvent corporation and the appellees are entirely insolvent, and one of them is a non-resident of the state. Appellees' attorney, E. J. Sherlock, long before the hearing in this court secured an assignment of judgment rendered in the circuit court in this cause. The judgment of the circuit court was affirmed by this court on hearing, but a motion for a new trial being filed a new judgment was entered up in pursuance of the stipulation of said Sherlock and appellant's attorneys for $6,600 against the Mis-

souri Pacific Railway Company, and against appellees for costs. Said appellees not being the owners of the judgment or any other property, the carrying out of said stipulation has the effect of entirely defeating the collection of said costs. The judgment against said appellant for costs vested in said officers and witnesses a valid and solvent claim against appellant for their costs, which appellees cannot by stipulation render worthless, while at the same time reaping the fruits of the judgment themselves."

Upon consideration of this motion Division number 1 ordered the judgment of October 14th on the stipulation of the respondent and appellant set aside, and on suggestion ordered the cause reinstated on the docket. On April 16, 1892, the appellant duly filed its motion to vacate the order setting aside the judgment on stipulation and to strike the motion of the clerk and witnesses from the files for the reasons:

*First.* That neither said clerk nor any of said witnesses is a party to this suit.

*Second.* Because said clerk and witnesses have no legal right to interfere with the parties to said cause in the disposition thereof.

*Third.* Because the judgment on stipulation was not in favor of either said clerk or witnesses.

*Fourth.* Because the action of this court in setting aside said judgment was irregular and improvident.

*Fifth.* Because the judgment against respondents for cost in nowise affected the rights of the clerk and the witnesses to collect their fees from the party for whom his services were rendered or at whose instance they were summoned.

There being a division of opinion in Division number 1 as to sustaining the last mentioned motion it was ordered transferred to *banc* and was argued orally at this term.

The clerk and witnesses have filed affidavits to prove the insolvency of respondent Hoover, and the appellant has filed affidavits in which it charges that several of those claiming were never subpœnaed as witnesses or attended.

I. The motion of the appellant clearly and distinctly challenges the right of the officers of courts and witnesses to interfere with the management of actions therein. The general rule that none but the parties to a suit will be allowed to interpose in its control obtains in this state as well as in other jurisdictions. *State ex rel. v. Clymer*, 81 Mo. 122; Freeman on Executions, sec. 75; *Bonnell v. Neely*, 43 Ill. 288; *Wallop's Adm'r v. Scarburgh*, 5 Gratt. 1; *Fiske v. Lamoreaux*, 48 Mo. 523.

The rule is founded in the plainest principle of right. Any other practice would involve the courts and parties in endless collateral issues and create great confusion. The right of the officers of the court and witnesses to object to the compromise of this cause is evidently based upon the theory that by the services rendered the parties they have in some way become if not formal parties to the record beneficially interested in the judgment rendered, and in some way have acquired a *"locus standi"* in court to disapprove and thwart the settlements of the formal parties to the action. In this they are most clearly mistaken.

The fact that they have earned fees, which have been taxed as costs, does not entitle them to interfere in the settlements or other stipulations of the parties. Their claim is based upon the fact that their services have been taxed as costs, but the judgment for these costs was not rendered in their favor.

The plaintiff himself only recovered these costs by virtue of a statute. "No final costs were recoverable

by either party at common law." Tidd's Practice [3 Am. Ed.] p. 945; *Steele v. Wear*, 54 Mo. 532; *Thompson v. Elevator Co.*, 77 Mo. 520; *Shed v. Railroad*, 67 Mo. 687; *Gordon v. Maupin*, 10 Mo. 352; *State ex rel. v. Railroad*, 78 Mo. 577.

Section 2920, Revised Statutes, 1889, provides that: "In all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

Section 2925 provides that: "In all actions not founded on contract the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his costs."

Section 4980 provides that: "The several officers hereinafter named, and jurors and witnesses, shall be allowed such fees for their services rendered in discharging the duties imposed upon them by law as are hereinafter provided, and the clerks of the courts of record and the presiding officers of courts of inferior jurisdiction shall strictly examine the accounts of all fees accruing during the progress of any civil suit pending in their said courts, and shall correct the same if wrong in any manner, and shall thereupon enter the amount thereof upon their fee books, and the said clerk and the other officers before mentioned shall, after the term of the court at or before which the services were rendered, if required by the party entitled to fees, certify a fee bill of such services and deliver the same to the sheriff or other officers of the proper county charged by law with the service of executions, who shall proceed forthwith to collect the same; and if the person or persons and their sureties for costs properly chargeable with such fees shall neglect or refuse to pay the amount thereof and costs for issuing and serving the same

within thirty days after demand of said sheriff or other officer, the same shall be levied of the goods and chattels, moneys and effects of such persons or their sureties, in the same manner and with like effect as an execution,'' etc.

Section 2946 provides that: ''In all cases where costs shall be awarded, either before or upon final judgment, execution shall be issued therefor forthwith by the clerk, unless otherwise ordered by the party in whose favor such costs shall be awarded.''

It will thus be seen that the only judgment for costs authorized by these statutes is in favor of one of the parties to the suit. *No provision is made by law for any such judgment in favor of any clerk or other officer of the court, or any of the witnesses attending thereon. The remedy provided for the collection of their fees is a fee bill. They have therefore no right to intermeddle with the parties in their control of the suit.*

This court, in the case of *Beedle v. Mead*, 81 Mo. 306, in treating of this subject, said: ''He (the circuit clerk) was under a misapprehension, too, of the law, if he supposed he could, *sua sponte*, issue this execution merely to collect fees due the court officers. For such fees the remedy of the officers is by fee bill, as provided in Wagner's Statutes, section 1, page 618; Revised Statutes, section 5595 (now section 4980, Revised Statutes, 1889). The judgment of costs is in favor of the litigant to reimburse him for what he has paid out and expended, and he is entitled to have execution therefor. Over that judgment the party in whose favor it is rendered has absolute control. It is his property. He may enforce or forgive it at his pleasure. Under similar statutes in the state of Illinois this view was strongly maintained. In *Roddick v. Cloud*, 2 Gil. 670, after reviewing the statutes the court say: 'There can be no doubt of the right of the officers interested in

the fee bill delivered as an execution against the defendants to control it. And, the sheriff is liable to their orders, except in relation to his own fees, as much as he is to the orders of the plaintiff in execution in relation to it. But not so in relation to the execution, that is, the plaintiff's process; the officers have no right to control it. The plaintiffs may forgive the debt and costs if they choose, and the officers have no right to interfere. The plaintiffs are liable in the first instance to the officers for their costs, and are entitled to recover them of the defendant to reimburse themselves. * * * Under this view of the case it would be extremely inconvenient to allow each and every one interested in the costs to take control of the plaintiff's process, by which their satisfaction might be hazarded or lost, or great delay and expense incurred.' This doctrine is reasserted in *Newkirk v. Chapron*, 17 Ill. 344; *Wickliff v. Robinson*, 18 Ill. 145; * * * *McClanahan v. Smith*, 76 Mo. 428.

"The only seeming exception to the foregoing text is found in Wagner's Statutes, section 32, page 347 (now secton 2946, Revised Statutes). 'In all cases where costs shall be awarded, either before or upon final judgment, execution shall be awarded therefor forthwith by the clerk unless otherwise ordered by the party in whose favor such costs shall be awarded.' By this the clerk is authorized to issue execution *forthwith* unless otherwise ordered. This provision is based on the presemption that the party prevailing wants his costs, and the clerk, without waiting for special direction may issue the writ forthwith. This is solely for the benefit of the party to whom the judgment is awarded."

In the case of *Newkirk v. Chapron*, 17 Ill. 353, it was said: "The clerk has no right to issue an execution for the collection of his fees. That is the process

of the judgment creditor, and the costs are included, to reimburse him, for what he is supposed to have paid to the officers, or if not paid to enable him to pay the fees for which he is liable to them. The officers have no right, power or control over the execution. If the party will not advance his fees or sue out his execution for their collection, for the benefit of the officers to whom they belong, they may enforce the payment against each party for whom due by this certified fee bill, which becomes, for this purpose, like an execution against the cost debtor."

In *Wickliff v. Robinson*, 18 Ill. 146, it is said: "Nor had the clerk any right to issue the execution without authority from the judgment creditor or his attorney. His remedy was by action against the party from whom costs were due by him or by *fee bill*, as provided by the statute."

And so in the case of *Patterson v. Officers of Circuit Court*, 11 Ala. 740, the supreme court of Alabama said: "In *Gary v. Boykin*, 7 Ala. 156, we had occasion to consider this question, and there held, that the summary remedy given by our various statutes were for the benefit of suitors in the courts, and did not apply to officers who seek to recover costs only, nor indeed do we know of any authority for the rendition of a judgment in favor of the officers of court for costs, either collectively by that appellation, or in favor of each individually, for his separate proportion. Our statute authorizing a judgment for costs gives it to 'the party in whose favor judgment shall be given.' Clay's Digest, 316, sec. 20. A judgment for costs then is an incident of the judgment in the cause, and must be in favor of and against a party to the cause. It is manifest that the officers of the court are not parties to the suit. The judgment when rendered is unless otherwise directed a judgment for costs also

against the unsuccessful party, and by the act of 1826, when they cannot be recovered of the defendant, an execution may issue against the plaintiff for all costs. created by him in obtaining his judgment.''

It will thus be seen that according to the statutes and decisions of this and other states, the plaintiff has. absolute dominion and control over his judgment; that he has the right to insist upon and forgive the costs awarded him at pleasure. If then the judgment as originally rendered had been affirmed, there can be no doubt that under the uniform course of decision in this state the plaintiff alone would have had the right to issue execution for the judgment and costs. If he alone could collect by execution, will it be denied the defendant could lawfully have paid it all to him and satisfied its liability in full? If he could claim and legally collect *all*, can it be doubted that he might agree to and take a *less sum* on a compromise?

Moreover, the right to compromise suits, when the parties are *sui juris*, has never been questioned to our knowledge in this state but has been expressly recognized in *Murphy v. Smith*, 86 Mo. 333, and *Thompson v. Elevator Co.*, 77 Mo. 522.

To demonstrate further how firmly this court is committed to the view that the fees of the officers of the court and witnesses are no part of the judgment and that therefore they have no voice in the disposition of the action, attention is called to the ruling in *State ex rel. v. Emerson*, 74 Mo. 610, where after appeal duly granted and *supersedeas* bond executed and approved, the clerk of the circuit court issued a fee bill for his. fees. It was insisted by appellant that the appeal bond suspended the power of the clerk to issue the fee bill, but this court unanimously concurred in holding that while the *supersedeas* bond prevented the enforcement of the judgment, which *included costs*, pending the appeal, it

Schlereth v. The Mo. Pac. Ry. Co.

did not follow the clerk might not enforce the collection of his fees by his fee bill. Clearly this conclusion could only have been 'reached by considering that the clerk's fees were no part of the *supersedeas* judgment but independent of it. The same conclusion was reached in *Johnson v. Latta*, 84 Mo. 143.

It is said the respondent is insolvent, but appellant is not to blame for this. It was brought into court without its consent. It did not undertake to guarantee plaintiff's obligations for fees to his witnesses or the officers. The statute, section 2916, gave them the right to demand security for their costs. For any services rendered defendant, for any attendance as witness upon subpœnas issued by defendant or its attorneys, in the case, the right still remains to have a fee bill from the circuit clerk's office, but they have no right to have the judgment of this court, rendered upon the stipulation of the parties in interest, set aside. The motion of the defendant to set aside the order setting aside the judgment on stipulation is sustained and the motion of the clerk and witnesses is ordered stricken from the files and the judgment entered October 14, 1891, is reinstated as of that date. All concur, except BARCLAY, J., absent.