KATIE DECKER et al., Appellants, v. ST. LOUIS & SOUTHERN RAILWAY COMPANY, Respondent.

**St. Louis Court of Appeals, February 4, 1902.**

1. **Jurisdiction**: RETURN OF OFFICER: GARNISHMENT. The return of an officer on a summons of garnishment, that he summoned the garnishee "to answer touching his indebtedness to defendant," is insufficient to give the court jurisdiction. (Norvell v. Porter, 62 Mo. 309.)

2. **Legal Holiday**: SERVICE OF WRIT VOID, WHEN. Under section 4683, Revised Statutes 1899, the service of a writ of garnishment is absolutely void when made on a legal holiday.

3. **Costs**: FEE BILL. The statutory provision for the collection of costs due officers and witnesses, is by a fee bill.

4. ——: ——. And no one is entitled to a judgment or execution for costs except the successful party in the case, for such costs as he has incurred in the prosecution or defense of it, and he may, if he chooses, waive his right to a judgment or execution therefor.

5. **Clerk of a Court**: DUTIES OF: ORDER OF COURT. The clerk of a court who enters a judgment, without an order from the court, is guilty of a monstrous usurpation of authority and one which might have ruinous consequences.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED *(with directions).*

*A. W. Hunt* for appellant.

(1) The judgment entered by the clerk after the adjournment of the court is absolutely void, and would have been so if it had been ordered by the court itself, after the lapse of the term, there was neither judge's minutes, clerk's entry nor any paper or record in the cause authorizing such

judgment. "No such entries can be made from the memory of the judge, nor on parol proof derived from any other sources." "Some minute made at the time" must be had to authorize the entry of judgment. Ross v. Railroad, 141 Mo. 390. (2) A judgment for costs of officers of the court, witnesses, etc., and execution therefor upon dismissal of the suit by plaintiffs, is unauthorized, illegal and void. Hoover v. Railroad, 115 Mo. 77; Hect v. Heiman, 81 Mo. App. 370. (3) A fee bill, and not an execution, is the legal process for the collection of costs due officers of the court, witnesses, etc. "He (the clerk) was under a misapprehension, too, of the law, if he suppose he could *sua sponte*, issue this execution merely to collect fees due the court officers. For such fees the remedy of the officers is by fee bill." Beedle v. Mead, 81 Mo. 297; City ex rel. v. Lindsay, 146 Mo. 509.

GOODE, J.—In this case C. L. Keaton, who is the real appellant, was surety on the bond for costs of Katie and Frank Decker, in an action brought by them against the defendant to recover damages for the death of their son. Subsequently the action was compromised and an agreement made between the parties that it should be dismissed, each side to pay the costs they or it had made. A minute to that effect was entered on the judge's docket and also on the clerk's minute book, and after the adjournment of court, as the bill of exceptions shows, the clerk wrote an entry in the record which was not only an order for the dismissal of the action as stipulated by the parties, but a judgment that the defendant recover of the plaintiffs the costs and charges which had accrued on the part of plaintiffs and that execution issue therefor against them and their security on the cost bond, and also that the plaintiffs recover of the defendant all costs accrued on the part of defendant and that plaintiffs have execution therefor. The purpose of this entry, which was unauthorized by the court as both the judge's and clerk's minutes disclose, must have been

to enable the clerk and other officers to more certainly collect their costs.

Subsequently an execution was issued against the plaintiffs and Keaton as their surety, without any direction from the defendant to the clerk to issue it. By virtue of this execution the sheriff undertook to garnish a debtor of Keaton's, but the return shows he did no more than summon said debtor to appear at the return term of the writ without attaching or seizing in his hands the indebtedness he owed Keaton. This attempted service occurred on the twenty-second day of February.

At the return term, Keaton moved to quash the execution on various grounds; the court overruled the motion and he appealed.

The execution should have been quashed for the following reasons:

First. The return of the sheriff was insufficient to give the court jurisdiction over the debt due from the garnishee to Keaton. Norvell v. Porter, 62 Mo. 309.

Second. The service of the writ was absolutely void as it was made on a legal holiday. Section 4683, R. S. 1899.

It should be remarked, too, that this judgment, though it can not be held a nullity on the present appeal, ought never to have been entered. It was contrary to the stipulation of the parties and was not ordered by the court. The statutory provision for the collection of costs due officers and witnesses is by a fee bill. No one is entitled to a judgment or execution for costs except the successful party in the case for such costs as he has incurred in the prosecution or defense of it, and he may, if he chooses, waive his right to a judgment or execution therefor. Hoover v. Railroad, 115 Mo. 77.

The clerk of a court who enters a judgment of the kind found in this record, or of any kind, without an order from the court, is guilty of a monstrous usurpation of authority and one which might have ruinous consequences. He should content

himself with writing such entries and orders in the record as he is directed by the judge of the court to make.

The judgment is reversed and the cause remanded with the direction to the circuit court to set aside its order overruling appellants' motion to quash, and make an order sustaining said motion. *Bland, P. J.*, concurs, and *Barclay, J.*, concurs in reversing on the ground that the levy on a legal holiday should have been quashed on the motion made to that end.