WILLIAM W. SIMMONS, Appellant, v. W. H. AFFOLTER and DAVID E. COWAN.

Division One, January 3, 1914.

1. **JUDGMENT FOR TAXES: Description of Land.** A judgment for taxes describing the land as "No. of acres 80, S. 2 S. W. 4, Section 21, Twp. 36, Range 7," Phelps county, State of Missouri, is not void because the real estate is not properly described. The letters and figures, if standing alone, would be meaningless, but when preceded by the words and figures "No. of acres 80," they mean and describe the south half of the southwest quarter of section 21, township 36, range 7.

2. **LEGAL HOLIDAY: Levy of Special Execution in Tax Suit: July 4th.** A sheriff's deed is not void because the special execution issued on a judgment against land was levied on July 4th. The statute (Sec. 8952, R. S. 1909) declaring that "no person on the fourth day of July shall serve or execute any writ, process, warrant, order or judgment . . . and the service of every such writ, process, warrant, order or judgment shall be void," does not embrace a levy of a special execution upon real estate upon a judgment for back taxes; for the levy in such case is a mere fiction of the law, a

mental process, requiring no labor to be performed by the sheriff, nor does he serve the same upon the owner of the property, and if he perchance chooses that day to make his fictitious levy he disturbs the peace and quietude of no one. At most such a deed is only voidable, and not void, and cannot be attacked in a collateral proceeding on the ground that the special execution was levied on a legal holiday.

3. **LEVY: Under Tax Judgment.** The advertisement and sale of land under a special execution issued upon a judgment for taxes are equivalent to an actual levy, and may be done at any time before the execution is returnable.

4. **TAX SALE: No Return.** The sale of the land under execution issued upon a judgment for taxes is not void because the sheriff made no return on the execution. The validity of the sale is not dependent upon a correct return or any return at all.

5. **APPELLATE PRACTICE: Point Raised in Reply Brief.** The appellate court will not consider a point raised for the first time in appellant's reply brief.

6. **VARIANCE: Amended Petition.** It is allowable to amend the petition to correspond with the proof, and to avoid a variance, even after judgment.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Jones Bros.* and *C. H. Shubert* for appellants.

(1) The tax deed is void because the judgment on which it is based does not describe the land, and only uses for description the characters *S*2 *SW*4 and section, township and range, and does not state quantity of land. R. S. 1889, sec. 7683. (2) Levy of execution on July 4th is void and renders tax deed void. R. S. 1889, sec. 8952; Decker v. Railroad, 92 Mo. App. 52; Lynch v. Donnell, 104 Mo. 529. (3) The tax judgment is void for using *S*2 *SW*4 as description, because such attempt at description is void in itself and does not conform to the description in petition and tax deed and does not give quanity. Lowe v. Ekey, 82 Mo. 286.

Simmons v. Affolter and Cowan.

(4) Defendant did not plead the estoppel on which the court based its judgment, hence the doctrine was not available. Bray v. Marshall, 75 Mo. 327. (5) There being no return of service on the execution, the sale is void. Henry v. Mitchell, 32 Mo. 519; Nelson v. Brown, 23 Mo. 20.

*C. C. Bland* for respondent.

(1) The tax deed by which respondent, David E. Cowan, acquired title to the land in controversy is not void, nor is it based upon a judgment that is void. The land is sufficiently described therein. Lowe v. Ekey, 82 Mo. 286; State ex rel. v. Vaile, 122 Mo. 33; Miller v. Keaton, 236 Mo. 706; Hector v. Horrell, 248 Mo. 166; Burnett v. McCluey, 78 Mo. 691. (2) Answering appellant's second point that the levy of the execution is void for the reason that it was made on a holiday, July 4th, we call the attention of the court to the fact that the judgment was a special one commanding the sheriff, not to levy on the lands described in the execution, but of these lands to make the debt and costs. No levy was required to authorize the sheriff to sell, in fact the levy was a meaningless and useless performance, and as there can be no such thing as the actual seizure of lands under an execution (Carson v. Walker, 16 Mo. 68) advertising land for sale under an execution is tantamount to a levy. Duncan v. Matney, 29 Mo. 368. (3) Appellant's contention that the sale is void for the reason the sheriff made no return on the execution, is opposed to reason and law. Bray v. Marshall, 75 Mo. 329; Buchanan v. Tracy, 45 Mo. 487. (4) Appellant assumes that the court based its judgment upon the doctrine of estoppel, that is, that Perry was, by his conduct in participating in the tax proceedings by writing up the judgment and issuing the execution thereon, and by certifying the acknowledgment of the sheriff to his deed without interposing

any objection, estopped to call in question the sheriff's deed and the antecedent proceedings. The record does not affirm nor disclose upon what theory the court found the issues for the respondent. There was no finding of facts by the court, and but one declaration of law given, and none was asked for. The one given was predicated upon evidence not objected to by the appellant, but which he furnished and introduced to prove his case, and he certainly cannot complain in this court of the action of the trial court in admitting testimony offered by himself, nor can he complain that his adversary relied upon such evidence as establishing a defense not specially pleaded by him. Even if this evidence had been offered by respondent, and not objected to at the trial, though it tended to prove an estoppel—not pleaded—the appellant could not for the first time make his objection in this court on the appeal. Price v. Hallett, 138 Mo. 574; McDonald v. Saving & Building Assn., 175 Mo. 275.

WOODSON, P. J.—This suit was instituted in the circuit court of Phelps county, under old section 650, Revised Statutes 1899, to ascertain and determine the title to certain real estate described in the petition.

The defendant Affolter, though duly served by publication, defaulted, and defendant Cowan answered, claiming title to the land, and joined in the prayer that the court, under said section 650, ascertain and adjudge the rights and interests of the parties to the land. A trial was had which resulted in a decree in favor of defendant Cowan, and the plaintiff duly appealed the cause to this court.

The facts are undisputed, and are as follows:

One H. B. Perry was the common source of title.

On July 7, 1892, Perry conveyed the land to Affol-

ter by a general warranty deed, recorded July 6, 1897, five years after its execution.

On August 18, 1894, the collector of revenues of Phelps county brought a suit against said Perry for back taxes due on said land. He was personally served. Judgment foreclosing the State's lien for said taxes was duly rendered on March 29, 1895.

Counsel for appellant failed to abstract or set out the petition filed in said tax suit.

The land was described in the judgment as follows: "No. of acres, 80 S. 2, S. W. 4, Section 21, Twp. 36, Range 7," Phelps county, State of Missouri.

A special execution was issued on this judgment on the —— day of May, 1895, and levied July 4, 1895, and a sale of the real estate was made thereunder by the sheriff; and on September 19, 1895, he made and delivered a tax deed to the purchaser, David E. Cowan, the defendant.

The real estate was described in this deed as follows: S. ½ of S. W. ¼ Section 21, Township 36, Range 7, Phelps county, Missouri.

All process in the tax suit and sale were in the handwriting of said Perry, a deputy clerk under said David E. Cowan, clerk of the circuit court of Phelps county.

On January 8, 1896, said Perry, by a general warranty deed, duly conveyed said land to William W. Simmons, the plaintiff, which was duly recorded July 18, 1896.

Neither Cowan nor Simmons had any knowledge of the prior deed mentioned from Perry to Affolter, dated July 7, 1892.

Simmons paid the taxes on the land for the years 1896 to 1898, inclusive.

Simmons was a nonresident of this State.

I. While there are several questions presented and discussed in briefs by counsel for both parties, yet

**Description in Tax Judgment.**

there are but three vital legal propositions here presented for determination, and the first is, was the judgment of the circuit court of Phelps county rendered in the case of the collector of revenue against Perry to enforce the lien of the State for the back taxes mentioned, void because the real estate in question was not properly described therein? In my opinion that question must be answered in the negative.

In passing upon this question it should be borne in mind, that the land in question was described in the tax judgment as ''No. of acres 80, S. 2, S. W. 4, Section 21, Twp. 36, Range 7.''

These letters and figures, if standing alone, would be meaningless, but when preceded by the words and figures, ''No. of acres, 80,'' and followed by the number of the section, township and range, there can be no doubt but what they clearly mean and properly describe the south half of the southwest quarter of section 21, township 36, range 7, Phelps county, State of Missouri.

This identical question has been before this court in a number of cases.

In Miller v. Keaton, 236 Mo. l. c. 706, it is said the deed (tax deed) is not void because of the use of abbreviations which are well understood in describing land, citing State ex rel. v. Vaile, 122 Mo. 33.

In Hector v. Horrell, 248 Mo. 166, l. c. 169, the description of the land involved was, ''320 acres, being E. 2 of Sec. No. 13, Twp. No. 20, Range 13 East. 120 acres being W. 2 of NW. 4 and NE. 4 NW. 4 of Sec. No. 15. 40 acres being the NW. 4 of SE. 4 of Sec. No. 10. 160 acres being the S. 2 of NW. of the NE. 4 of NE. 4 and the SW. 4 of NE. 4 of Sec. No. 17, Twp. No. 20, Range 12 E. 80 acres being N. 2 of SE. 4. 40 acres being SW. 4 of NW. 4 and 160 acres be-

ing E. 2 of W. 4 of Sec. No. 18, Twp. No. 20, Range 14 East.''

That was an action of ejectment. The defendant relied upon a sheriff's deed containing the above description of the land. The contention of counsel for plaintiff was that the description was void for vagueness and uncertainty, and because the numerators of the fractions which designate the subdivisions were omitted from the judgment and sheriff's deed made them void. In answering this contention the court said: ''That position is untenable, because the size of the subdivision is clearly indicated by the figures and the words '320 acres,' which is one-half of a section, and when they are followed by the language 'being E. 2 of Sec. 13,' etc., there can be no doubt but what the abbreviations here used, when written out in full, would be as follows: '320 acres, being the east ½ of section No. 13, township No. 20, range 13 east.' '' And the court further on said: ''What has been said of this tract, applies equally as well to the other seven tracts.''

In the case of Burnett v. McCluey, 78 Mo. l. c. 691, abbreviations very similar to those in question in describing lands in a sheriff's deed, were held sufficient to describe the land intended to be conveyed.

The Hector-Horrell case, which is supported by the other cases cited, is on all fours with the case at bar, and is decisive of this question.

We, therefore, hold that the judgment in the tax suit was not void for uncertainty in the description of the land in question.

II. Counsel for appellant next insist that the tax deed by the sheriff to Cowan is void because the special execution was levied on July 4th, a legal holiday.

**Levy on Legal Holiday.** This insistence is predicated upon section 8952, Revised Statutes 1889; and Lynch v. Donnell, 104 Mo. 519, l. c. 529, and Decker v. St. Louis & Southern Ry. Co., 92 Mo. App. 50.

Said statute reads as follows:

"No person, on Sunday, on the fourth of July, on the first day of January, on any general State election day, on any thanksgiving day appointed by the Governor of this State or the President of the United States, or on the twenty-fifth of December and the twenty-second day of February, shall serve or execute any writ, process, warrant, order or judgment, except in criminal cases, or for a breach of the peace, or when the defendant is about leaving the county, or in any case of attachment when the debtor is about fraudulently to secrete or remove his effects; and the service of every such writ, process, warrant, order or judgment shall be void, and the person serving or executing the same shall be as liable to the suit of the party aggrieved as if he had done the same without any writ, process, warrant, order or judgment."

If a levy of a special execution upon real estate issued upon a judgment for back taxes, is embraced within the provisions of this statute, then it necessarily follows that the tax deed mentioned must be held to be void.

In the case of Decker v. St. Louis & Southern Ry. Co., supra, the Court of Appeals held, in obedience to section 4683, Revised Statutes 1899, the same as the section previously quoted, that the service of a writ of garnishment made in a legal holiday, was absolutely null and void, and gave the court issuing the writ no jurisdiction over the garnishee.

And in the case of Lynch v. Donnell, supra, this court held that under a provision of the charter of Kansas City, directing the collector of revenues to "continue the sale [of lands for delinquent taxes] from day to day between the hours of ten o'clock in the forenon and five o'clock in the afternoon as long as there are bidders, or until the taxes are all paid," did not prevent the collector from adjourning the sale over Thanksgiving Day.

Those cases are not directly in point. In the Decker case, in order to serve a writ of garnishment, the officer intrusted with that duty was, in the very nature of the case, required to do some actual labor or service upon a legal holiday, which the Legislature desired should be observed as a day of rest, etc. Not only that, the lawmakers also designed that the peace and quiet of the citizens of this State should not be disturbed upon such days by having legal process of any kind served upon them, save those excepted in the statute.

And in the Lynch case this court simply held that the charter provision mentioned, was directory and should not be construed so as to compel the collector to labor on Thanksgiving Day.

In the case at bar there is no such thing as an actual levy of a special execution of the character we have under consideration. The levy is a mere fiction of the law, a mental process. It requires no labor to be performed by the sheriff, nor does he serve the same upon the owner of the property, and if perchance he should choose a public holiday to make this fictitious levy, he would not thereby disturb the peace and quietude of anyone. He is dealing abstractly, as it were, with lands alone; and even that may be putting it too strongly, for the reason that the judgment was a special one commanding the sheriff not to levy on the lands described in the execution, but of those lands to make the debt and costs. As I understand the law, no levy, in the sense in which that word is ordinarily used, is necessary or required to authorize the sheriff to sell. In fact, when we exercise good horse sense, the levy in such a case is meaningless and a useless performance, and as there can be no such thing as an actual seizure of the lands under an execution, it is useless to talk of a levy in the sense in which that term is ordinarily used.

The advertisement and sale of land under *such an execution* are equivalent to an actual levy, which may be done at any time before the execution is returnable.

These views are supported by the cases of Carson v. Walker, 16 Mo. 68, and Duncan v. Matney, 29 Mo. 368.

In the former case this court held that an execution issued within a period forbidden by law, on a judgment lawfully rendered in a court of general jurisdiction, is not void, but only voidable. That is a well-considered and reasoned case, and I am unable to see any distinction in principle in levying an execution within a prohibited period and in a case where the law prohibits it from being levied upon a particular day, especially when the advertisement and sale takes place, as in this case, upon days not prohibited by law. If there had been an appeal from the judgment in the case of the Collector of Revenues v. Perry, for the collection of the delinquent taxes mentioned, then quite a different question might have been presented.

The foregoing observations are supported by the ruling of this court in the case of Duncan v. Matney, supra. In that case this court held that in order to constitute a valid levy of an execution on real estate, it is not necessary that notice of the levy should be given by the sheriff to the defendant in the execution; nor is it necessary that he should go upon the land to make the levy, if he is sufficiently informed in relation to it to describe it properly.

I am, therefore, of the opinion that whatever error there may have been, if any, in the action of the sheriff in making this fictitious levy on July the 4th, did not render the sale under the execution absolutely void, and for that reason that error, if error it was, cannot be taken advantage of by plaintiff in this collateral proceeding.

III.  It is next insisted that the sale of this land by the sheriff to Cowan was void for the reason that the sheriff made no return on the execution under which he made the sale. This insistence is untenable.

Sheriff's Return of Sale.

This court in the case of Bray v. Marshall, 75 Mo. 327, 1. c. 329, in express terms held that "nor could the failure of the sheriff to make return of the sale affect the validity of his deed, or the title of the plaintiff thereunder."

And in the case of Buchanan v. Tracy, 45 Mo. 437, where the sheriff sold certain land in Buchanan county and had made an improper return, BLISS, J., in discussing this point said:

"But the deed and return of the sheriff show that the sale was made on the 4th day of January, while the notice given in evidence below advertises the land to be sold on the 5th.  It was, however, clearly established that the sale was actually made on the 5th, and that the return and recital in the deed were so far mistakes.  Does this mistake in the return, followed up in the deed, vitiate the sale?  Is it a substantial irregularity, or conclusive evidence of one? or a mere clerical misprision of the officer, by which no one is injured, and which should not affect the legality of his proceedings?  The effect of a mistake in reciting the date of the judgment was considered at some length in Stewart v. Severance, 43 Mo. 322, and upon full argument it was held not to affect the title.  But plaintiff claims that the mistake of a sheriff in his return, and in reciting in the deed his own proceedings, are not entitled to the same indulgence.  It is said that the return of the sheriff cannot be contradicted; that it must be taken as true, except in a direct proceeding to impeach it.  This proposition is, in general, correct; but the return of the sheriff cuts no figure in this case. It is not necessary to the validity of the purchase that he make a correct return, or make any return at all."

In the case at bar there is no question but what the land in question was sold under the execution mentioned, and the failure of the sheriff to state that fact in his return should not affect the rights of the purchaser who has paid his money and has no knowledge or control whatever over the return to be made by the sheriff.

There is no substance in this insistence.

Moreover these cases throw much light upon the question decided in the second paragraph of this opinion in this, that if the failure of the sheriff to make a return of the execution does not invalidate the sale, then how can a fictitious levy made, or rather, recited to have been made, on a legal holiday, effect its validity? I submit it could not.

IV.   Counsel for appellant in their reply brief raise some question as to there being a variance between the description of the land as stated
**Variance: New Point.** in the petition, and as stated in the tax bills, judgment, execution and sheriff's deed to Cowan.

In the answer to that, it is sufficient to say that counsel for appellant did not abstract the petition nor set it out in his abstract of record; and therefore it is not before this court.  But independent of that, even though the appellant had brought the same here in his reply brief wherein the point is raised, under the rules of this court that would have been too late to have authorized this court to have considered the same.

Moreover, the record fails to show that any such question was presented to the trial court; and had it been done, doubtlessly the court would have permitted an amendment of the petition so as to conform to the evidence; or even after judgment, the court would, on application of counsel, have made a *nunc pro tunc* order correcting the mistake—an abundance of evidence

appearing in the record showing, at most, that it was a clerical error.

Finding no reasonable error in the record, the judgment of the circuit court is affirmed.

*Graves* and *Bond, JJ.,* concur; *Lamm, J., dubitante.*