The St. John Levee & Drainage District of Missouri, a Corporation, v. Ed Barnett et al., Defendants, L. A. Richards, Jr., and F. L. Steel, Appellants.—163 S. W. (2d) 915.

Division Two, July 28, 1942.

1038

*Henry C. Riley* for appellants.

*R. F. Baynes* for Drainage District.

WESTHUES, C.—This proceeding was commenced by appellants, Richards and Steel, filing a motion to quash an execution issued pursuant to a judgment and a levy made upon certain real estate situated in New Madrid county, Missouri. The trial court overruled the motion, whereupon an appeal was taken. Respondent has not favored us with a brief. The grounds of the motion are stated as follows:

" 'Movants further state that they are the owners of the above described lands, having acquired the same from Joseph H. Allen for a valuable consideration. That he, Allen, purchased the same at a sale held by the Collector of this county on the first Monday in November, 1940, and obtained a deed therefor after paying the amount of his bid. Said sale being the third offering and final, the right of redemption forever barred, the same being held for the purpose of foreclosing the lien of the state, county, etc., for taxes due for the years 1932-1939, inclusive.

" 'That the judgment rendered in this cause January 24th, 1939, was to foreclose the lien of the plaintiff, special assessments for local improvements or benefits, for the years 1932-1935, inclusive.

" 'That F. C. Kirkpatrick, the owner of the land at the time the judgment was rendered, and at the time of his death, was dead before the issuing of the execution in this cause by the Clerk of this Court.

" 'That the Sheriff, under said execution issued May 13th, 1941, has levied upon, advertised and will sell said land June 16th, 1941.' "

It appears affirmatively from the motion that appellants are strangers to the suit in which the jugment was rendered, pursuant to which judgment the execution sought to be quashed was issued. That suit, so far as this record shows, was The St. John Levee & Drainage District v. Ed Barnett et al., defendants. The record does not inform us how many defendants the "et al." included, but the motion states F. C. Kirkpatrick was one of them. From the motion it is evident that the questions presented thereby would present an interesting and intricate lawsuit involving title to real estate, the validity of sales for taxes, innocent purchasers for value and what-not. Appellants, being strangers to the judgment pursuant to which the execution was issued, cannot try these issues on a motion to quash the execution. The judgment is not binding on appellants. Appellants' motion was overruled on June 16, the same day the sale was to be had under the execution. A stranger to a judgment, generally speaking, cannot move to quash an execution. [Houts, Missouri Pleading & Practice, page 192, sec. 689, note 86; State ex rel. Carter v. Clymer, 81 Mo. 122.] In this case the court said:

"The case at bar is an apt illustration of the difficulties suggested. K. Clymer, a stranger to the action, appears at the instant of the sale for the enforcement of plaintiff's judgment, and by mere motion, raises questions involving his identity with the person named in the writ, denying any title or interest of the defendant in the writ to the land levied on, and ready for sale, and alleging title in himself to the land. In this summary mode, without other form of pleading, *eo instanti*, the court is called upon, while the sheriff, perhaps, is waiting at the court house door to proceed with the sale, to hear and determine these complex questions of personal identity and of the ownership of real estate. It was, certainly, never in the contemplation of the law, that the title to real estate, between a stranger to the record and the execution defendant, should be tried and disposed of in such a manner."

This doctrine was reaffirmed in Nelson v. Nelson, 302 Mo. 440, 258 S. W. 1007. Appellant did not brief this point, but from the record and the comments made while the matter was before the trial court it seems that the court overruled plaintiff's motion on the theory that the question presented could not be adjudicated upon a motion to quash.

The order of the trial court overruling the motion to quash is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.