SHED v. KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAIL-
ROAD COMPANY, *Appellant.*

1. **Costs**: CONSTRUCTION OF STATUTES. All statutes in reference to costs must be strictly construed. An officer cannot legally claim remuneration unless the statute has expressly conferred the right.

2. ———: SUBMISSION. The "submission," for which the circuit clerk is entitled to charge a fee of thirty-five cents, under Wag. Stat., sec· 10, p. 623, is not the ordinary submitting of a cause to the court or jury for final determination. It is the submitting of questions in difference to the court, without action, as authorized by Wag. Stat., sec. 25, p. 1056.

3. **Circuit Clerk's Costs.** The court examines in detail a circuit clerk's fee bill, of which complaint is made in this case, and allows some items an l rejects others.

*Appeal from Buchanan Circuit Court.*—HON. JOSEPH P.
GRUBB, Judge.

*Willard P. Hall* for appellant.

*Doniphan & Reed* and *B. R. Vineyard* for respondent.

SHERWOOD, C. J.—This case comes up here on appeal from motion to retax costs. The first objection of defendant to the costs as taxed grows out of the following entry "Joel Shed v. The Kansas City, St. Joseph & Council Bluffs Railroad Company. Comes now said defendant, and on its own motion leave is granted it to plead herein on or before the 3d Monday of the present term, or answer thirty days before the next term of this court." For this entry the clerk taxed costs as follows : For application for order, twenty cents ; for an order, thirty-five cents ; for an appearance, ten cents. There was no application or motion in writing filed. Defendant objected to said charges, and moved to retax the same.

The second objection of defendant to the taxation of costs is based on the following entry : "Joel Shed v. The Kansas City, St. Joseph & Council Bluffs Railroad Com-

pany. Comes now defendant and files motion to dismiss suit." For this entry the clerk taxed the costs as follows: For filing motion, five cents; for application for leave to file same, twenty cents; for order directing said motion to be filed, thirty-five cents. No application was made to file said motion, and no order was made granting leave to file the same. Defendant objected to all said charges, except the charge of five cents for filing motion.

The third objection of defendant is based upon the following entry: "Joel Shed v. The Kansas City, St. Joseph & Council Bluffs Railroad Company. Comes now said plaintiff and files bond for costs, which is by the court approved, and leave is granted to defendant to answer herein thirty days before the next term of the court." For this entry the costs are taxed as follows: For filing bond, five cents; for motion for said bond to be filed, twenty cents; for order directing said bond to be filed, thirty-five cents; for order approving said bond, thirty-five cents; for motion of defendant for leave to plead, twenty cents; for order granting leave, thirty-five cents. There was no motion for leave to file said bond, and no order directing it to be filed, and no motion for leave to plead, and the only entry was the one set out as above. Defendant objected to said taxation of costs, except the five cents for filing said bond.

The fourth objection of defendant is based on the following entry: "Joel Shed v. The Kansas City, St. Joseph & Council Bluffs Railroad Company. Comes now said defendant and files answer herein." For this entry costs are taxed as follows: For filing answer, five cents; for application to file answer, twenty cents; for order directing it to be filed, thirty-five cents. There was no motion to file answer, and no order directing it to be filed. Defendant objected to all of said items, except five cents for filing said answer.

The fifth objection of defendant is based on the following entry: "Joel Shed v. The Kansas City, St. Joseph

& Council Bluffs Railroad Company.   On defendant's ap-
plication the case is continued." For this entry costs are
taxed as follows: For two appearances, twenty cents;
for a motion for continuance, twenty cents; for a judg-
ment for costs, fifty cents; for a submission, thirty-five
cents; for satisfaction of judgment for costs, twenty-five
cents; for a continuance, twenty-five cents.  The defend-
ant objected to all of said items, except the item of twen-
ty-five cents for a continuance.

The sixth objection of defendant is based on the fol-
lowing entry: " Joel Shed v. The Kansas City, St. Joseph
& Council Bluffs Railroad Company.   Come now said par-
ties, and it is agreed that plaintiff may have judgment for
one cent.   It is, therefore, considered that plaintiff recover
of defendant the sum of one cent and all costs, and have
thereof execution." For this entry costs are taxed as fol-
lows: For one appearance, ten cents; for a submission,
twenty-five cents; for a judgment, fifty cents.   Defendant
objected to all of said items of costs, except the item of
fifty cents for a judgment.

The court, upon the hearing of the motion, directed
the costs to be retaxed in this, that all charges for appear-
ances, over and above one charge for an appearance at the
first term in said case, should be disallowed, and the court
overruled said motion in all other respects.   So far as per-
tinent, in the present instance, the statute allows to the cir-
cuit clerk fees as follows :   For filing any paper in a cause,
five cents; for entering an appearance, ten cents; for filing
and entering any motion, rule or order, twenty cents; for
every submission, thirty-five cents; for every continuance
of a cause, twenty-five cents; for entering any judgment,
fifty cents; for docketing each judgment, ten cents; for
entering satisfaction of record, twenty-five cents; for all
orders not herein provided for, thirty-five cents.   Wag.
Stat., pp. 623, 624.

Under these statutory provisions all that could be le-
gally charged for the services specified in the first entry

was ten cents for entering defendant's appearance and twenty cents for entering the order giving leave to plead. It is altogether out of the usual mode of procedure to file a motion for an extension of the time of pleading; and, besides, no motion or application in writing was made, and the statute recognizes no such title—no such right—in the clerk to recover fees respecting *an application for an order*. The rule is that all statutes in reference to costs · must be construed strictly, and that an officer cannot legally claim remuneration unless the state has expressly conferred the right. *Crofut v. Brandt*, 58 N. Y. 108; *Gordons v. Maupin*, 10 Mo. 353.

In regard to the second entry, the statute only allows twenty cents for *filing* and *entering* every demurrer, *motion*, rule or order. The clerk was, therefore, only entitled to the sum just specified for the entry referred to, as that sum, by the express statutory words, is in payment both for filing the motion and entering the order of the court respecting it. The statute does not give the clerk a fee for an application for leave to file a motion, as this would, under plaintiff's theory, involve the solecism of filing *one* motion for leave to file *another*.

As to the third entry, we think the clerk was entitled to five cents for filing the bond for costs, and to thirty-five cents for the order directing its filing and approval, as that entry would seem to be embraced under the head of " all orders not herein provided for." There was no motion to file the bond, nor was one necessary; such a motion is unheard of in our practice. All motions are required to be in writing, (2 Wag. Stat., section 27, page 1018; section 48, page 1021,) but we never heard the idea advanced that a party would have to file a motion in order to file a bond. As at present advised, we do not regard 2 Wag. Stat., section 3, page 1052, as applicable to an entry like the one under consideration, and certainly not when no motion in writing was, in fact, made. We think the clerk, however, entitled to thirty-five cents for the order

giving the defendant a certain time in which to plead, as such an order would clearly not be embraced under the title of an entry respecting a demurrer, motion, rule, &c., nor do we regard it at all material that the clerk made but one entry, which embraced the order respecting the bond as well as that respecting the answer.

Relative to the fourth entry: Regarding this, the answer was filed in vacation, and the clerk was only entitled to five cents for its filing, since the order permitting it to be thus filed was contained in the previous entry.

With respect to the fifth entry, we think the clerk entitled to a fee for continuance, twenty-five cents, and to fifty cents for a judgment for costs, which the record shows was entered against the defendant. There was no motion for a continuance, nor was there any entry of a satisfaction of the judgment for costs, nor any submission, nor any appearance, and, as a matter of course, the clerk could not charge for them.

In reference to the sixth entry, the clerk was entitled to but fifty cents for entering the judgment rendered by agreement of parties. The court below properly ruled that no fee was allowable for but the entry of one appearance, as a defendant, after the occurrence of the entry evidencing that fact, remains in court until discharged by due course of law.

We do not regard the clerk entitled to a fee for a submission. This term, as used in the statute, is used either in a strictly technical sense (2 Bouv. 553) or else in its statutory import, as, e. g., where "parties to a question in difference * * present a submission of the same to any court which would have jurisdiction if any action had been brought," &c. 2 Wag. Stat., section 25, page 1056. And I am confirmed as to correctness of this view by examining, at the suggestion of one of my associates, the fees which the statute allows the clerks of the various courts of record. With the exception of the clerks of the circuit courts, no fee for a "submission" is allowed. The

Legislature may, therefore, be presumed to have employed the term in a sense peculiar to matters in the circuit courts, and not as intending by that word to convey the idea of the mere submitting a cause to the court or jury for final determination; otherwise the clerk of a criminal court, when a cause is submitted to a jury for their verdict, or the clerk of a probate court, when a claim is presented against an estate for allowance, would each be, in justice, entitled to a fee for a "submission;" and the Legislature cannot be supposed to have intentionally discriminated against the clerks of such courts, as would evidently be the case if the word "submission" is to bear any other meaning than that we have ascribed to it. For the errors aforesaid, in refusing to retax the costs in the above-mentioned particulars, we reverse the judgment and remand the cause. All concur.

REMANDED.