# SUPREME COURT

OF THE

# STATE OF MISSOURI,

AT THE

## OCTOBER TERM, 1890.

HOUTS v. McCLUNEY, *Administrator, Appellant.*

1. **Coroner's Inquest, Expenses of:** LIABILITY OF ESTATE OF DECEASED. The county is liable for the costs and expenses of a coroner's inquest, including the fees of the coroner, constable, jurors and witnesses, under the provisions of Revised Statutes, 1879, sections 5156, 5613, where the deceased came to his death by violence or casualty. The estate of the deceased is not liable for such fees.

2. ——— : ———. Section 5154, Revised Statutes, 1879, only makes the estate of the deceased liable for burial expenses.

*Appeal from Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED.

(13)

*Samuel P. Sparks* and *Henry Neill* for appellant.

(1)   Private property cannot be taken or damaged for public use without just compensation.   Const., art. 2, sec. 21 ; Const. U. S., art. 5.   (2)   Private property is taken for a public use when it is appropriated to the common use of the public at large.   *Owners of Ground v. Mayor of Albany*, 15 Wend. 374.   (3)   The words "public use" in the constitutional provisions, *supra*, mean a use which concerns the whole community as distinguished from a particular individual or a particular number of individuals.   *Gilner v. Throckmorton*, 18 Cal. 229.   (4)   At common law, as well as under our statute concerning coroners, the coroner holding an inquest *super visum corporis* is in the performance of functions judicial in their character.   *Boislinere v. Commissioners*, 32 Mo. 375 ; *People v. Divine*, 44 Cal. 452 ; 1 Black. Com., p. 348, book 1 ; 2 Black. Com., p. 274, book 4.   (5)   The holding of the inquest was a proceeding for the public use, judicial in character, for the detection and punishment of crime ; and sections 5134 and 5158, Revised Statutes, 1879, clearly invaded the wholesome constitutional provisions, *supra*, in so far as they sought to take private property to pay the expenses thereof.

BLACK, J.—This case originated in the probate court of Johnson county.   It was tried anew on appeal in the circuit court.   The material agreed facts are these :

F. M. Prussing, who was a well-known citizen of Warrensburg, was murdered at night in February, 1887, by persons unknown, while going from his store to his residence.   The plaintiff, who was a justice of the peace, acting as coroner, held an inquest over the body of the deceased.   The demand constituting the foundation of this action, and which was allowed against the Prussing estate, by the probate court and again by the circuit

court, is a bill of costs amounting to $116.85 "for hold-
ing inquest." The bill is not itemized ; but we under-
stand it to include fees due the coroner, witnesses,
jurors and constable, and nothing more. The coroner
held the inquest of his own motion, and not by request
of the widow, heirs or any person interested in the
estate.

The agreed facts show that the costs sued for did
not arise under circumstances contemplated in section
5158, Revised Statutes, 1879 ; hence that section has
nothing to do with the determination of this case.

The plaintiff has filed no brief, and we suppose the
clause of the statute relied upon as making the estate
liable for these costs is that part of section 5154, which
is in these words : "If any person over whose body an
inquest shall be held shall have any estate, the costs and
expenses of inquest and burial shall be paid out of his
estate ; but where there is no person liable and able to
pay such expenses they shall be allowed by the county
court, out of the county treasury." Defendant says
this statute is unconstitutional, because it appropriates
private property to public use without compensation.
The first inquiry is, what are the costs which this stat-
ute undertakes to make a charge upon the estate ? Are
they such as are claimed by the plaintiff ?

The first section of the act of February 3, 1847 ( Acts
of 1847, p. 59 ), for the first time made it the duty of the
coroner to procure a coffin, and cause the dead body to
be buried, when there is no relative or friend willing to
perform that duty ; and the county court is required
to make him a reasonable allowance for his expenses in
burying the body. The fourth section of that act con-
tains the clause before quoted. These two sections have
been continued down through the revisions of 1855,
1865, and are sections 5150 and 5154 of the Revised
Statutes, 1879.

There is nothing in the Revised Statutes of 1845
which attempts to make a charge against the estate of a

deceased person for holding an inquest over the body. On the contrary, section 15 of chapter 84 makes it the duty of the coroner "to present to the county court a certified statement of all the costs and expenses of said inquest, including his own fees, the fees of jurors, witnesses, constable and others entitled to fees, for which the county is liable; and the county court shall audit and allow the same," and they are to be paid out of the county treasury. This section has also been carried down through the various revisions without modification material to the present case, and constitutes section 5156 of the Revised Statutes, 1879. And section 5613 of the last-named statutes fixes the amount of the coroner's fees, and then declares: "The above fees, together with the fees allowed jurors, constables and witnesses, in all inquests, shall be paid out of the county treasury, as other demands."

Now a little attention to these statutes will relieve this case of all difficulty. In the first place, no costs are allowed by the common law. They are, with us, creatures of the statute. They must be paid in the amounts and in the manner specified in the statute. Sections 5156 and 5613 are clear and unambiguous. They make the county liable for the fees allowed the coroner, jurors, witnesses and the constable in all inquests where the coroner has reasonable cause to believe that the person, over whose body the inquest is held, came to his death by violence or casualty. These provisions of the law were continued without change after the passage of the act of 1847. The chief object and purpose of that act was to make it the duty of the coroner to bury the dead body in case there should be no one willing to perform that duty, and to make him compensation for the expenses thus incurred, and also compensation for bringing a floating body to the shore. These are expenses which the estate of the deceased person should in justice defray. All of these statutes must be construed so as to make them a consistent

whole, if that can be done. The words, "costs and expenses of inquest and burial," must be read with that end in view. This done it will be seen that the county must pay the fees of the coroner, jurors, witnesses and constable in all those cases where the coroner has reasonable cause to believe the person came to his death by violence. In all such cases these fees constitute no charge whatever against the estate.

The object of the coroner's inquest is to ascertain whether the person died by felony or accident; and, if by felony, to discover the guilty person or persons. The inquest is a proceeding judicial in character, and is one step taken in the enforcement of the criminal laws of the land. The widow, heirs, creditors of the estate, and all other persons, have an equal interest in enforcing such laws. It is unreasonable to suppose that the legislature ever intended to impose upon the estate of a deceased person the burden of paying the costs and fees arising on such an inquest. The construction which we have placed upon the statute works out no injustice, and, at the same time, makes the statute consistent with itself. It follows, from what has been said, that the clause of the statute in question does not violate the constitution; but, from the construction we have given it, it also follows that the Prussing estate is not liable for any of the fees set forth in the plaintiff's demand. The judgment is reversed. All concur.