JAMES SINCLAIR, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, April 4, 1898.

1. **Costs**: CLERK'S FEES: VARIOUS ITEMS. Costs can only be made up from items expressly allowed by the statute and various items in a clerk's fee bill are considered and corrected.

2. ———: AVERAGING. Undercharges will not authorize overcharges so as to average the whole bill.

3. **Execution**: QUASHING: PAYMENT. Where the plaintiff after the issue of the execution receives a draft for his judgment and refuses to cash the same and the costs are improperly charged and the writ is still kept out for the judgment and the costs, it should be quashed.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

### STATEMENT.

The fee bill referred to in the following opinion is as follows:

| | |
|---|---|
| Filing pet.— .05; Index case,— .10; Dock Nov. 95 term,— .10 | $ .25 |
| Two copies pet. 1,000 words each | 2.00 |
| Issuing writ, 1.00; 1 copy and certificate,— .60 | 1.60 |
| File and entering answer,— .20; continuance,— .25 | .45 |
| Dock Feb. 96 term,— .10; file and entering amd. pet.— .20 | .30 |
| Issuing 2 subps.,— .50; appearance,— .20; swear. 3 wit.— .15 | .85 |
| Entering judgt.— .50; dock judgt.— .10 | .60 |
| File and entering motion for new trial,— .20 | .20 |
| Order overruling same | .15 |
| File and entering motion in arrest | .20 |
| Order overruling same | .15 |
| Aff. for appeal,— .05; file and entering appeal,— .20 | .25 |
| Order granting appeal,— .30; file and entering App. bond,— .50 | .80 |
| File and ent. bill of exceptions | .20 |
| Bill of costs,— .25; this execution,—1.00 | 1.25 |
| | $ 9.25 |

GEO. P. B. JACKSON for appellant.

(1) The items of costs which the court refused to strike out, were and are unauthorized by law. There can be no costs except those expressly given by the statute, which must be strictly construed. Shed v. R. R., 67 Mo. 690; R. S. 1889, sec. 4989, first item; R. S. 1889, sec. 4086, fourth item; R. S. 1889, sec. 4986, eighth item. (2) The execution should have been quashed. A "fee bill" was the only proper process for the collection of these costs. R. S. 1889, sec. 4980; Acts 1891, sec. 1, p. 139; Beedle v. Mead, 81 Mo. 297–307; Hoover v. R. R., 115 Mo. 85; Freeman on Judgments, sec. 463; Weston v. Clark, 37 Mo. 568–572. Moreover, the execution recited a judgment for $23.90 costs. The court adjudged $1.75 of the costs illegal, hence the execution incorrectly stated the amount, and commanded the sheriff to collect more than was due.

WEBSTER GORDON for respondent.

(1) The court did not err in refusing to strike out the items of cost mentioned. Acts of 1891, sec. 7, p. 143; R. S. 1889, sec. 2208; Acts of 1891, p. 143, sec. 7, item 9; Acts of 1891, p. 143, sec. 7, item 4; Shed v. R. R., 67 Mo. 689.

ELLISON J.—This appeal is based on the circuit court's refusal to retax costs in the case, to the extent of defendant's motion, which had been assessed against defendant as fees due the clerk of the court. And also the refusal to quash the execution issued on the judgment.

The ruling in this state is that bills for costs can only be made up from items expressly allowed by statute. Shed v. R'y, 67 Mo. 690. We will consider objections to the fees with this rule in view.

The first item objected to is "filing and entering answer, 20." This is the original answer in the cause.

**COSTS: clerk's fees: various items.** The only service which could be charged for would be five cents for filing answer, the statute allows that sum "for filing any paper in a cause." See first item, section 4986, Revised Statutes 1889. But it is said that the charge is less than it might have been since the clerk is allowed "for all orders not herein provided for, 30c." See last item of the section. This can not be held to cover the filing of the original answer, since that is a pleading that is filed as of course. An amended answer filed by order of court would perhaps fall under the item referred to. And in this view the charge for an amended petition was not improper.

The next objection relates to a charge of twenty-five cents for order of continuance. The continuance referred to was at the first term. The suit was not brought in time for trial at that term and no order of continuance was asked or was necessary. The case went over under the force of the law. The charge was therefore not proper.

The next charge is for "appearance, 20c." One half of this was a charge not authorized by the statute. The fourth item in the section aforesaid allows ten cents "for entering an appearance." This is for one appearance and does not authorize a charge at each succeeding term. But for the ruling in Shed v. R'y, *supra*, we would have thought the statute referred to an appearance without process; and to an appearance entered on appeal cases from justices of the peace as provided by statute and the like. The remarks of the court in Shed v. R'y, *supra*, as to the item of "submission" seem directly applicable. But as a charge for appearance was allowed there, we allow it here.

The next charge is fifteen cents each for order

overruling motion for new trial and also motion in arrest. We think these orders would fall under the decision of Shed v. R'y, *supra*, and that the charge the clerk made of twenty cents each for filing and entering motion for new trial and in arrest covered the order of the court overruling the motions. The charges then should have been disallowed.

The next charges are: "Filing and entering affidavit for appeal, 20c," and "appeal bond, 20c." The statute aforesaid authorizes the clerk to charge thirty cents each "for entering an appeal to the supreme court or either court of appeals" and "for taking and entering a recognizance on an appeal." These charges would not cover every service connected with the appeal. The clerk would be entitled to his fees for filing papers connected with the appeal such as bond and affidavit, five cents each. And for the latter he should have twenty-five cents if made before him. So he is entitled to thirty cents "for filing a bill of exceptions and entering the same." And thirty cents for order extending time for filing such bill.

We can not say that we fully understand the charges as made under this head, as they appear on page 7 of the abstract. In some items there appears to be less charged than allowed by statute. If by "aff. for appeal, 5c; file and entering appeal, 20c," is meant, the filing of the affidavit and entering the appeal, then the charge is ten cents less than the statute would permit. Then there is the charge, immediately following, of "order granting app. 30c. File and entering app. bond, 50c." The order granting the appeal would be covered by the statute allowing thirty cents, "for entering an appeal." And the charge of fifty cents for appeal bond would be covered by the statute allowing thirty cents "for taking and entering a recognizance on an appeal."

If the clerk makes an undercharge on some items he can not be allowed to average the whole bill by an *——: averaging.* overcharge on others, since such mode would be unwarranted and cause much confusion.

The next charge is for entering satisfaction of the judgment, twenty-five cents. The judgment it appears was not satisfied. It would nevertheless be proper for the clerk to include such charge in his costs when issuing the writ if the amounts named in the writ be substantially correct, since, in that case, they should be paid and a satisfaction would be entered. But when the claim is such that the defendant is justified in refusing payment, there ought not to be a charge for satisfaction.

The trial court should have retaxed the costs in accordance with what has been said herein.

It appears that a few days after the execution was issued plaintiff received and retained a draft from defendant for the judgment due plaintiff; that he did not cash such draft, stating as a reason the pendency of the motion to quash the execution. The *EXECUTION: quashing: payment* costs being improperly charged and the principal judgment being thus paid, and the writ for the whole sum, principal and costs, being allowed to remain in the hands of the officer, presumably for execution, we think the writ should have been quashed.

If the defendant shall refuse to pay the proper costs which accrued against it, a fee bill or execution, whichever may be proper, can yet be issued.

Reversed and remanded.    All concur.