Baldwin v. Boulware.

G. W. BALDWIN, Respondent, v. GEORGE BOULWARE, Appellant.

Kansas City Court of Appeals, January 8, 1900.

1. **Costs: APPELLATE PRACTICE: PRINTING ABSTRACT.** An appellant on a reversal of the judgment below, where the appeal is on the short method, is entitled to the costs of printing the abstract when it conforms to the rules of court.

2. ———: COMMON LAW: STATUTE: CONSTRUCTION. The right to recover costs does not exist at common law but by statute alone, and such statute must be strictly construed.

3. ———: STENOGRAPHER'S FEES: STATUTE: COUNTIES OF 45,000. The statute providing for stenographers in counties of 45,000 inhabitants and less makes only two provisions for taxing costs relating to stenographers, to wit:    Two dollars for each case tried and five cents per one hundred words allowed the clerk for the transcript furnished him by the stenographer in cases of appeal, and an appellant can not recover fees paid the stenographer for a transcript, and such fees can not be charged up as costs of suit.

Appeal from the Barton Circuit Court.—*Hon. D. P. Stratton,* Judge.

MOTION SUSTAINED IN PART AND OVERRULED IN PART.

*H. W. Timmonds* for appellant.

(1)    Respondent's suggestion is that appellant ought not to be allowed for printing the abstract because it was not an abstract of the entire record. As it was it contained 224 pages. The testimony of some sixty witnesses was very much abbreviated.    Enough appeared to warrant this court in reversing the judgment and remanding the cause.    (2)    The law relative to fees for the stenographer's transcript is a fixed fee of "ten cents per folio of one hundred words," and in all cases of appeal it is made the duty of the stenographer, upon the application of the appellant to make out a transcript of his notes of the evidence, to be paid for at the rate above mentioned.    R. S. sec. 8251.    This was done in this case.    The stenographer's fee, paid by appellant, has not been taxed by the clerk in this case.    It is important that it be now done by the court.    It is part of the cost of the appeal; the law fixes the fee, and this court has very properly adjudged all costs of the appeal against respondent.    It is just as properly taxable against him as is the docket fee paid to the clerk of this court.

*Cole & Burnett* for respondent.

(1) Respondent suggests to the court that the stenog-
rapher's fees of three hundred dollars should not be taxed
against this respondent for the reason that there is no warrant
of law for so doing. (2) Because any expense that the
appellant or respondent may have been to by way of getting a
copy of the testimony from the court stenographer can not
be assumed to be a part of the cost of his printed abstract.
(3) The expense a party may make in filing a bill of except-
ions can no more be allowed against his adversary than the
cost of filing a motion in the cause, or the cost and expense
laid out for the services of attorneys, railroad fare, or hotel
bills.

GILL, J.—At the March term, 1898, an opinion in this
case was handed down reversing the judgment and remanding
the cause. At that term respondent filed motion for rehear-
ing and at the same time made an offer to remit the damages
awarded on one count of the petition. During the said March
term also the appellant filed his motion asking an allowance
for the cost of printing the abstract. Both these motions
went over to the October term, 1898. When plaintiff's offer
to remit was accepted and the former order was so modified
as to enter a judgment here for the plaintiff on the other three
counts of the petition, to which the remitter did not apply.
But by oversight the motion to tax costs which had been at the
previous term filed by the appellant was not disposed of, and
the same was still pending in May, 1899, when the appellant
filed a supplemental motion asking this court to tax against
the respondent (in addition to the costs of the abstract) the
further sum of $300 which the appellant paid to the ste-
nographer of the circuit court for transcribing the evidence

adduced at the trial, and which had not been taxed up by the circuit clerk.

We now proceed to dispose of the two motions above mentioned—that is, the one asking an allowance of $145.60 for printing appellant's abstract, and the other, requesting this court to tax against the respondent the further sum of $300 paid the court stenographer for furnishing transcript of the notes of evidence taken at the trial.

I. We hold the appellant entitled to an allowance for printing the abstract. It was reasonably sufficient, and set forth all of the record that was "necessary to a full understanding of all the questions presented to this court for decision," as required by our rule 15; and in accordance therefore with section 2253 of the Revised Statutes. a reasonable charge therefor should be taxed against the respondent. We will then direct the usual charge of sixty cents a page or $134.40 for the 224 pages, to be taxed against the respondent and in favor of the appellant.

II. We fail however to find any lawful authority for taxing against the respondent the compensation which the appellant paid to the stenographer. At common law no costs were allowed. The right thereto can exist only when provided by statute, and it is a well established rule that such statutes are to be strictly construed. Shed v. Railroad, 67 Mo. 687; In re Green, 40 Mo. App. 491.

III. Turning now to the several statutes relating to court stenographers, pages 1915 to 1922. Revised Statutes 1889, and we find five separate and distinct articles providing for court stenographers in counties of different population. The first statute relates to stenographers in counties having a population of 350,000 or more; the second to counties of more than 100,000 and less than 350,000 population; the third to stenographers for counties having more than 45,000 and less than 150,000 inhabitants; the fourth article providing for stenographers in counties of 45,000 or less population, etc.

Barton county then having a population less than 45,000, comes within the provisions of the act last referred to. Under this statute the judge of the circuit court is authorized to appoint a stenographer whose duty is to attend the sessions of the court, "and who shall, when directed by the court, take full stenographic notes in every case tried of all the oral testimony, the admissions made by either side, the objections to testimony, etc. * * *; and shall preserve and furnish a transcript of such stenographic notes, or all or any part thereof, to any person having an interest therein, upon the payment of the fee hereinafter prescribed." Section 8248. Then follows section 8251 providing that "such persons calling for a transcript shall pay the stenographer as compensation ten cents per folio of one hundred words; and in all cases of appeal or writ of error it shall be the duty of such stenographer, upon the application of the appellant or plaintiff in error, to make out upon a typewriter two transcripts in duplicate of his notes of the evidence, or such parts thereof as may be requested, one of which copies he shall deliver to the party ordering the same, and the other deposit with the clerk * * * for which said stenographer shall be entitled to be paid for one copy only at the rate hereinbefore prescribed." It is then made the duty of the clerk to incorporate the copy furnished him by the stenographer into the transcript sent to the appellate court, and for this portion of the transcript the clerk is allowed as his fees five cents per hundred words.

We have thus quoted every provision of the statute relating to the employment of the court stenographers in counties of the size of Barton county which can in any way bear on this question, except section 8250, which provides that said stenographer shall be paid for his attendance at court $5 a day out of the county treasury and, except the further provision contained in section 8249, which directs the circuit clerk to "tax up the sum of two dollars, to be collected as other costs, and thereupon to be paid by said clerk to the

county treasurer to apply to the payment of salary of such stenographer." And it will be seen that there is no express authority to tax as costs any sum or sums of money that any litigant may have paid to the stenographer for a transcript of such portions of the evidence that said party may see proper to order. The only items of cost relating to the stenographer and required by this act to be taxed are first the $2 for each case tried and second the five cents per hundred words charged for that portion of the stenographer's report that shall enter into the transcript made by the clerk for the appellate court. There is nothing in the entire statute relating to the court stenographer for counties of 45,000 inhabitants or less, that even by fair implication authorizes the compensation paid by the appellant to the stenographer to be charged up as costs in the case. Indeed the implication is rather against the right to have such expenses charged as costs of the case. The mere fact that provision is made for the taxing up of the $2 to each case, and that the five cents per hundred words is taxed for that part of the stenographer's transcript which is incorporated in the record sent up to the appellate court, tends to show that it was not the intention of the law to charge an additional sum to cover the amount paid by the appellant to the stenographer. *Expressio unius, exclusio alterius.* In providing for stenographers in counties of more than 100,000 and less than 350,000 inhabitants, the legislature intended such fees paid to the stenographers to be taxed as costs and the act plainly expressed that intention. See section 8327, Revised Statutes. Is it not then a reasonable inference that the failure to provide for taxing such expenses in a case tried in a county of 45,000 or less, was intended not to allow such matters to be charged up as costs of the suit?

It results then from these considerations that we allow the cost of printing appellant's abstract and direct the same to the extent of $134.40 to be taxed against the respondent, but deny the motion asking for the stenographer's fees. The Judges all concur.