JOHN H. WILSON Adm'r, etc., Appellant, v. HATTIE RUTHRAUFF, Respondent.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Jurisdiction:** DEMAND AGAINST ESTATE: COURTS OF APPEALS. Courts of appeals have appellate jurisdiction only and can not allow claims against an estate save on appeal in due course from the trial courts.

2. **Costs:** ATTORNEY'S FEE: BRIEFS. Costs are not recoverable at common law, and can only be allowed by terms of some statute, and section 2253, Revised Statutes 1889, does not include attorney's fees or briefs of counsel.

*Original Motion.*

MOTION DENIED.

*S. T. White* and *J. W. Suddath* for appellant.

*Charles E. Morrow* for respondent.

ELLISON, J.—Plaintiff has filed a motion in this court asking to be allowed an outlay of $75 for an attorney's fee and for printing brief in this court $13.20, total $88.20.

The facts leading up to this motion are as follows: Plaintiff is the administrator of the estate of H. J. Ruthrauff,

deceased, and defendant is the sole distributee. As such, she made objection to plaintiff's final settlement in the probate court, claiming that he had not charged himself in his accounts with a debt he, himself, owed to the estate. The probate court sustained the objection and the administrator appealed to the circuit court, where the objection to the settlement was again sustained and plaintiff charged with the debt. The administrator then appealed to this court, where the judgment of the circuit court was reversed. 82 Mo. App. 435. Thereafter, and during the same term, plaintiff filed the present motion in which he asks us to allow him, against the estate, $75 as a fee for an attorney in this court and for his brief in this court, $13.20, in the case reported as stated.

We have not authority to grant the motion. To grant the motion would be to allow a claim against an estate. This we could not do except in instances where such claim has been first a subject of litigation in the probate court, or, on trial anew, in the circuit court. Our jurisdiction is appellate and as such we are confined to the record sent here, in due course, from the trial court.

The ruling of the Supreme Court and the St. Louis Court of Appeals, on motions made for alimony, presents an analogous question and they have held that they have not the authority, or jurisdiction, to allow alimony in the first instance. They can review whatever orders and judgments are made in the trial court, but can not assume original jurisdiction, even though the alimony be intended to cover expenses in the appellate tribunal and in the time the cause is pending therein. State ex rel. v. St. Louis Court of Appeals, 88 Mo. 135; State ex rel. v. Seddon, 93 Mo. 520; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; Lawlor v. Lawlor, 76 Mo. App. 293.

In the cases of In re Est. of Meeker, 45 Mo. App. 186, 197, and Jacobs v. Jacobs, 99 Mo. 427, it was ruled that an

administrator should be allowed his expenses in defending his final settlement, but the claims in those cases were presented either in the probate court or the circuit court on trial anew. They do not present the question before us and are not authority for plaintiff's position.

Neither can plaintiff's motion be sustained under the name of costs in the case. Costs following the result of litigated cases were not recoverable at common law. Hoover v. Railroad, 115 Mo. 77, 82. Therefore, to sustain himself, plaintiff should point out the statute authorizing the items he now classes as costs. Ring v. Vogel Paint Co., 46 Mo. App. 374. No statute has been cited.

It is true that section 2253, Revised Statutes 1889, authorizes the appellate court to adjudge as costs in favor of the successful party a reasonable sum for expense of abstracts. But that does not include briefs of counsel. Such has been our ruling continuously since the statute was enacted.

The motion must be overruled. All concur.