E. J. VEIDT, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1904.

COSTS: Witnesses' Fees: Swearing Witness. Before the clerk is authorized to tax the per diem and mileage of the witness the latter must make oath to the truth of the entry made in the fee book.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. C. Jackson* for appellant.

(1) There can be no costs except those expressly allowed by the statute, which must be strictly con-strued. Steele v. Wear, 54 Mo. 531; Shed v. Railroad, 67 Mo. 687; Sinclair v. Railroad, 74 Mo. App. 500; Houts v. McCluney, 102 Mo. 13; Thompson v. Ele-vator Co., 77 Mo. 520; St. Louis v. Meintz, 107 Mo. 611; Hoover v. Railroad, 115 Mo. 77; State ex rel. v. Oliver, 116 Mo. 188; State ex rel. v. Seibert, 130 Mo. 202. (2) The witnesses were entitled to mileage only for the

number of miles necessarily traveled, they had no right to take a much longer route and collect mileage thereon. R. S. 1899, sec. 3259; cases cited under Point (1), and Hunter v. Russell, 59 Fed. 964; Johnson v. Railroad, 1 Pa. Co. Ct. R. 10. It is not the route that the witness may consider the best or the most convenient that is to control. (3) The witnesses were not sworn by the clerk to the truth of the facts contained in the entry in fee book as they should have been and consequently were not entitled to any fees. R. S. 1899, sec. 3260; Herson v. Railroad, 18 Mo. App. 439; Ford v. Railroad, 29 Mo. App. 616; State ex rel. v. Seibert, 130 Mo. 202.

No brief for respondent.

SMITH, P. J.—This is an appeal by the defendant from a judgment of the circuit court overruling a motion filed by the defendant to retax costs. The statute — section 3260, Revised Statutes — provides that the clerk of each court of record, on the application of any witness to have his fees allowed, shall enter on his book, under the title of the cause in which the witness was summoned, the name of the witness, the number of days he has attended, and the number of miles he has found necessary to travel in consequence of the summons, and *shall swear the witness to the truth of the facts contained in said entry.* While it was made to appear from the fee book that the clerk made the entry therein required by the statute, it stands in effect admitted that he did not swear the witnesses to the truth of the facts contained in said entry as further required by it; or, in other words, the allowance of the fees claimed by the several witnesses was not made under oath, but without it.

The question thus arising is, whether or not the fees of the witness so allowed were taxable against the defendant as costs in the case. At common law no recovery of costs was allowable, and when statutes were passed authorizing their allowance they—the statutes

—were always strictly construed. State ex rel. v. Seibert, 130 Mo. 1. c. 213, and cases there cited. And this rule of statutory construction obtains in this State. Steele v. Wear, 54 Mo. 531; Shed v. Railroad, 67 Mo. 687; Sinclair v. Railroad, 74 Mo. App. 500; Houts v. McCluney, 102 Mo. 13; Thompson v. Elevator Co., 77 Mo. 520; St. Louis v. Meintz, 107 Mo. 611; Hoover v. Railroad, 115 Mo. 77; State ex rel. v. Oliver, 116 Mo. 188; State ex rel. v. Seibert, 130 Mo. 202.

Applying this rule to the case before us, and we must conclude that as the witnesses were not first sworn to the truth of the fee-book entry by the clerk, he was neither authorized to allow the fees for which they applied, nor to tax the amount thereof as costs in the case. The judgment of the court denying the defendant's motion cannot be upheld.

There are other grounds of objection to the allowance and taxation of the costs specified in the motion which, in the view just expressed, it becomes unnecessary to notice. The judgment will accordingly be reversed and the cause remanded with directions to the circuit court to further hear and determine said motion in accordance with the opinion herein expressed. All concur.