AMERICAN SURETY COMPANY, Appellant, v.
HAYNES et al., Respondents.

**St. Louis Court of Appeals, April 16, 1907.**

APPEALS: Premature Appeal: Motion to Retax Costs. No appeal
will lie from the ruling of the trial court upon a motion to
retax costs while the cause in which the motion is filed is
still pending in the circuit court.

Appeal from Madison Circuit Court.—*Hon. Chas. A.
Killian,* Judge.

APPEAL DISMISSED.

*W. B. & Ford W. Thompson* and *B. B. Cahoon, Sr.,*
for appellant.

*Robert A. Anthony* for respondent.

GOODE, J.—This is an appeal from an order of the
court overruling a motion to retax costs. The case or-
iginated in Dunklin county, and was sent from there
on a change of venue to Madison county. While the case
was pending in Dunklin county a deposition had been
taken which called for 1,030 exhibits. After the change
of venue was awarded the papers, including the deposi-
tion, was sent to the clerk of the circuit court of Madi-
son county. The exhibits called for by the deposition
were likewise sent but detached from the deposition it-
self. They filled a two-bushel box. The clerk asked the
advice of the judge of the circuit court as to what he
should do with the numerous exhibits in view of the fact
that they were detached from the deposition and did not
appear to be identified in it. Acting under the judge's
advice he marked each exhibit filed, treating it as a sepa-
rate paper in the case. As the clerk is allowed five cents
for filing each paper, his costs for filing would amount

to $51.50. It is the contention of appellants that the clerk was entitled to only one fee, which was marking the deposition filed, as it would include the exhibits which were part of it. Evidence was introduced pro and con as to whether the exhibits were identified in the deposition so as to be a part of it, or whether they were unidentified, making it necessary to put a filing mark on each one. We are not concerned with the merits of the matter; for, in our opinion, the appeal is premature. The cause itself was still pending in the circuit court when the appeal was taken. In fact there was no proof that any taxation of the costs complained of was ever made either by the court or the clerk, or that a fee bill had been issued to collect them. The motion to retax the costs states inferentially that the clerk had taxed $51.50 in his favor for filing the exhibits, but no proof of this fact was made on the hearing of the motion. At any rate the appeal will not lie. This was decided by the Kansas City Court of Appeals in a case undistinguishable from the present one, and, indeed, is the general understanding of the profession. [Boyle v. Clark, 59 Mo. App. 187.] No harm can result as the point has been saved by a bill of exceptions.

Appellant cites a case from the Supreme Court of Missouri which it says is in conflict with the decision of the Kansas City Court of Appeals, and authority in its favor. [Shed v. Railroad, 67 Mo. 687.] But in said case the motion to retax costs was filed after final judgment in the case. We have no doubt this appeal was untimely and it will be dismissed. It is so ordered. All concur.