## ST. LOUIS & GULF RAILWAY COMPANY, Appellant, v. CAPE GIRARDEAU & THEBES BRIDGE TERMINAL RAILWAY COMPANY, Respondent.

**St. Louis Court of Appeals, May 28, 1907.**

1. **COSTS: Statute: Common Law.** The right to recover costs does not exist at common law; courts in this State, in cases at law, can allow costs only when expressly authorized by statute; it is only in equity cases that courts have discretion in allowance of costs.

2. ————: **Condemnation Proceeding: Counsel Fees and Expenses.** Under section 1269, Revised Statutes of 1899, where a railway company discontinues a condemnation proceeding, it is liable to the landowner for all costs and expenses including counsel fees.

3. ————: ————: ————: **Motion to Retax.** But the right to discontinue such proceeding is absolute, and power of the court, on a motion, is limited to the taxation of legal costs. Expenses and counsel fees will have to be recovered in a separate suit.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*L. F. Parker* and *Moses Whybark* for appellant.

(1)   No witnesses made any claim at New Madrid, before the judge on April 16, 1904, nor was any witness summoned to appear there, but the testimony shows that they were taken down there by the Cape Girardeau & Thebes Bridge Terminal Railway Company, to be used if necessary. They were, therefore, entitled to no fees, and the court erred in allowing the respondent anything for its expenses incurred in that behalf. R. S. 1899, sec. 3260. Veidt v. Railway, 109 Mo. App. 102; Herson v. Railroad, 18 Mo. App. 439; 7 Enc. Pl. and Pr., 7 p. 666, sec. 16.   (2)   No costs can be taxed

against the appellant in this case, for the reason that nothing was ever done in the case except the presentation of the petition for condemnation to Judge Riley, in vacation, at New Madrid, Missouri, on March 29, 1904, and his order fixing April 16, 1904, as the time, and New Madrid as the place, when and where he would hear the petition, and directing a summons to be issued by the clerk of the Scott Circuit Court, and be served on the respondent, which was done on the thirty-first day of March, 1904; and on April 16, 1904, the respondent appeared at New Madrid, but no hearing of the case was had and the petition was not presented, because of the absence of the judge. Nothing further whatever was ever done in the case, except to dismiss it by the plaintiff. The answer was never filed in the case. The respondent, therefore, under this status of the case, is not entitled to any allowance, under the authorities, for costs of the nature of those sought in this case. Lackland v. Railroad, 25 Mo. 515; Sterrett v. Railroad, 108 Mo. App. 650; Railroad v. Railroad, 138 Mo. 591; Lohse & Miller v. Railroad, 44 Mo. App. 645; Gibbons v. Railroad, 40 Mo. App. 146; Leisse v. Railroad, 2 Mo. App. 105.

*Giboney Houck* and *John A. Hope* for respondent.

(1) The statute relating to witness fees, cited by appellant, has no bearing on the matter. Defendant's right to recover traveling expenses at its officers, witnesses, etc., is based on equitable grounds and is independent of the statute. Railroad v. Railroad, 138 Mo. 598; Sterrett v. Railroad, 108 Mo. App. 650; Brewing Assn. v. St. Louis, 168 Mo. 45; In re Water Works, 85 N. Y. 478; Moravian Seminary v. Bethlehem, 153 Penn. St. 583. (2) In many cases decided in other States, where the statutory provisions pertaining to the exercise of the right of eminent domain were similar to our

statute, attorneys' fees and various other expenses were adjudged against the plaintiff on dismissal of the suits —on written motion or oral request; no independent suit required. Railroad v. Thorne, 1 How. Pr. 190; In re Water Com'rs, 31 N. J. L. 72; Railroad v. Outwater, 3 Sandf. Sup. Ct. Rep. (N. Y.), 689.

BLAND, P. J.—On March 29, 1904, appellant presented to Hon. H. C. Riley, judge of the Scott Circuit Court, a petition asking for the condemnation of a strip of land for a right of way, near and leading to a landing on the Mississippi river, in Scott county, known as Manning's Landing, for the purpose of reaching the terminus of other railroads at the city of Thebes, and over which the railroad company would secure an incline to the Mississippi river for the purpose of transferring its cars to ferry boats to be carried across said river. The strip of land sought to be condemned had been secured by the respondent for railroad purposes. On the presentation of the petition to Judge Riley, he set April 16, 1904, as the date, and New Madrid as the place for the hearing of the petition. Respondent was duly notified of this setting and on April 16, 1904, appeared at New Madrid for the purpose of contesting the petition. Judge Riley did not appear and the petition was not then heard. The petition was filed in the circuit court of Scott county and summons was issued and served on respondent. The case was returnable at the April term, 1904, of the Scott Circuit Court, and on the first day of the term, before any answer or other pleadings were filed by respondent, appellant voluntarily dismissed the proceeding. On the succeeding day of the term, respondent, without moving the court to reinstate the case, filed its motion therein, asking the court to tax attorney's fees, and other costs alleged to have accrued in the case, against appellant. Appellant filed a motion to strike out the motion to tax costs. The matter was

continued to the April term, 1905, at which term the motion to strike out was overruled, and the motion to tax costs was taken up, evidence in support thereof adduced by respondent and the matter submitted to the court, who held the motion under advisement until the October term, 1905, at which term the court sustained the motion to tax witness fees, expenses and attorney's fees, and rendered judgment on the motion for $150, from which judgment the appeal is prosecuted.

The right to recover costs does not exist at common law, and the courts in this State may not allow costs in law cases except when they are expressly provided for by statute. [State ex rel. v. Seibert, 130 Mo. 202, 32 S. W. 670; Hoover v. Railway, 115 Mo. 77, 21 S. W. 1076; City of St. Louis v. Meintz, 107 Mo. 611, 18 S. W. 30; Houts v. McCluney, 102 Mo. 13, 14 S. W. 766; Shed v. Railroad, 67 Mo. 687; Steele v. Wear, 54 Mo. 531; Baldwin v. Boulware, 82 Mo. App. 321; Wilson v. Ruthrauff, 87 Mo. App. 226.] It is only in equity cases the courts have any discretion in respect to allowance of costs. [Supreme Council v. Nidelet, 85 Mo. App. 283.] Section 1269, Revised Statutes 1899, in respect to costs in condemnation proceedings brought by railroad corporations, provides:

"The cost of the proceeding to appropriate the right of way shall be paid by the company seeking the appropriation, up to and including the filing and copying of the report of the commissioners; and the court, as to any costs made by subsequent litigation, may make such order as in its discretion may be deemed just. The court shall allow the commissioners a reasonable compensation for their services, which shall be taxed as costs in the proceedings."

In North Missouri Railroad Co. v. Lackland, 25 Mo. 515, commissioners were appointed by agreement, to assess the damages and file their report, whereupon the railroad company dismissed the proceedings. Lack-

land moved the court to reinstate the case which was done, in the absence of counsel for the railroad company. After getting the case reinstated, Lackland moved the court for a confirmation of the report. The railway company subsequently appeared and moved the court to dismiss, which motion the court overruled and confirmed the commissioners' report. On appeal the court held the railroad company could dismiss, and reversed and remanded the cause. In the closing part of the opinion, Judge NAPTON, at pages 533-4, said: "In these cases concerning a condemnation of land, the act provides that the court shall adjudge the costs of the proceeding according to equity. It is obvious that if the company is permitted to discontinue all the costs and expenses of the landowner should be paid by the company. This will embrace all the costs of the case and counsel fees, both here and in the court where the case was tried." The act incorporating the North Missouri Railroad Company authorized the court, at any time before final judgment, to dismiss any proceeding, and provided that in all cases of condemnation the court should adjudge the costs according to equity.

In St. Louis Railway Co. v. Southern Railway Co., 138 Mo. 591, 39 S. W. 471, Judge MACFARLANE, at p. 597, referring to the statute construed in the Lackland case, and section 1269, supra, said: "The difference in the statutory provisions do not appear sufficient to indicate an intention of the Legislature to change the rule declared in that (the Lackland) case." Since the Lackland case, it has been the established rule in this State, that on a discontinuance of condemnation proceedings by a railway company, the company is liable to the land owner for all his costs and expenses, including counsel fees. [St. Louis Ry. Co. v. Southern Ry. Co., supra, l. c. 569, and cases cited.] The appellant's contention is that expenses and counsel fees cannot be allowed on a motion to tax costs, filed after the proceedings have

been discontinued. The Lackland case was remanded, and counsel for respondent contends that it could not have been remanded for any purpose other than to give the circuit court an opportunity to tax such costs as Judge NAPTON said the railway company was liable for. Judge NAPTON did not indicate his purpose in remanding the case and gave no directions to the circuit court. The inference can as well be drawn that the case was remanded for the purpose of affording the circuit court an opportunity to correct its own errors and make a record thereof, as that it was remanded for the purpose of affording Lackland an opportunity to have his expenses and counsel fees adjudged and allowed on a motion filed for that purpose.

In some jurisdictions the right to discontinue condemnation proceedings is not absolute; in these jurisdictions, the courts may refuse the application to discontinue or impose equitable terms, such as the payment of costs and expenses of the adverse party. [In Matter, etc., Waverly Waterworks Co., 85 N. Y. 478; 2 Lewis on Eminent Domain, sec. 655.] Lewis says, this doctrine "is opposed to the current of authority, which is that the right to discontinue is absolute and cannot be fettered with conditions by the court. Legal costs may, of course, be imposed." [2 Lewis on Eminent Domain, sec. 658.]

In State ex rel. v. Fort, 180 Mo. l. c. 110, 79 S. W. 167, sections 673 and 674, 7 Enc. Pl. and Pr. are approvingly quoted. They are as follows:

"A railroad company which, in the exercise of the right of eminent domain, has instituted condemnation proceedings may subsequently abandon its purpose of taking the property and discontinue the proceedings, and, if it so desires, may select a route other than the one first proposed. Where the condemning party considers the compensation assessed too high, or so high as to render it expedient to go around instead of through

the tract, it may abandon the proceedings, and leave the landowner undisputed."

"The general rule, in the absence of statutory provisions to the contrary, is that the condemning party may discontinue the proceedings at any time before the right of the parties have become vested. There is not even a cavil as to the correctness of this rule, but as to the time when the rights of the parties become vested there is a diversity of opinion. There seems to be no denial of the right of the condemning party to abandon the proceedings where they have not been confirmed or consummated. It may do so at any time prior to the confirmation of the commissioners' report, after the assessment of the damages has been made, and the award has been filed, and either before the submission of the injury to the jury, or after verdict and prior to judgment."

As no right had attached to the land, appellant's right to discontinue the proceedings was absolute, and it seems to us the power of the court was limited to the taxation of the legal costs. So far as we are advised by the reported cases and the practice in this State, expenses and counsel fees, when condemnation proceedings have been discontinued, have been sued for and recovered in a separate suit and not on a mere motion to tax costs. [See Sterrett v. Railroad, 108 Mo. App. 650, 84 S. W. 150; Lohse & Miller v. Railway, 44 Mo. App. 645; Gibbons v. Railway, 40 Mo. App. 146; Leisse v. Railroad, 2 Mo. App. 105; s. c., 72 Mo. 561; and Railroad v. Railroad, supra.] And it seems to us this practice rests upon a firm foundation, for while the statute addresses the amount of allowance to the land-owner for expenses and counsel fees to the discretion of the court, this discretion is not to be exercised arbitrarily, but judicially on issues made by proper pleadings and on a full hearing, which cannot be done according to the recognized forms of procedure on a mere

motion to tax costs.  We think the circuit court was without authority to allow respondent's expenses and counsel fees on the motion to tax costs, and reverse and remand the cause.  All concur.