WILLIAM H. HARBSTREET, RESPONDENT, v. NEWTON R. SHIPMAN, APPELLANT.—112 S. W. (2d) 395.

Kansas City Court of Appeals.   December 5, 1938.

*Silvers & Silvers* for appellant.

528

*Haysler A. Poague* and *Mark Wilson* for respondent.

CAMPBELL, C.—Plaintiff had a verdict and judgment against defendant for damages in the sum of $100 at the May term, 1937, of the circuit court of Henry County. The defendant timely filed motion in arrest of judgment which was overruled during the September term, 1937. During the same term the defendant filed motion to retax by striking out the fees allowed and taxed by the clerk of the court at the May term in favor of certain witnesses named in the motion on the ground that such witnesses ''did not verify their claims for fees under oath.''

Plaintiff at the September term filed motion to tax against defendant the fees of the witnesses named in the defendant's motion on the ground said witnesses ''have been'' duly sworn as required by law, and to tax against defendant the witness fees of certain persons whose depositions were taken in the cause by defendant.

The motions were consolidated and the hearing thereof begun during the September term. Prior to the close of the evidence the proceeding was adjourned. During the January term, 1938, plaintiff refiled his motion and thereupon the hearing was resumed. The defendant's motion was overruled, the plaintiff's motion was sustained. The defendant has appealed.

The witnesses whose fees are affected by defendant's motion were duly subpoenaed, claimed their fees at the office of the clerk of the court during the May term, 1937. The clerk at the time entered on his fee book the name of each witness and the amount taxed in favor of each of them. None of them was examined under oath by either the court or the clerk. Under such circumstances the attempted taxation of such fees was a nullity. [Veidt v. Missouri, Kansas & Texas Ry. Co., 109 Mo. App. 102, 82 S. W. 1112.]

During the September term, 1937, and on October 30, the court entered of record an order directing the clerk to examine under oath all duly subpoenaed witnesses in the cause and ascertain from each of them the number of days of actual attendance and the num-

ber of miles each traveled in attending the trial of the cause at the May term. Thereafter the witnesses who claimed fees at the May term made oath before the clerk or his deputy in the manner required by the order of October 30.

It follows that if the court had power at the September term to make that order the fees of witnesses taxed in compliance therewith were lawfully taxed.

Power to make such an order in any case is expressly conferred by section 11798, Revised Statutes 1929. That section does not designate the time or term when such an order may be made. It has been ruled that a circuit court "is a superior court of general jurisdiction and nothing will be presumed to be without its jurisdiction." [Davidson v. Schmidt et al., 164 S. W. 577, 578.]

It is well established that a circuit court has power to entertain a motion to tax costs filed subsequent to the term in which the costs were taxed by the clerk. That power carries with it right to do those things necessary to the exercise of the power. And as we do not find any statute withholding power to make the order, we hold the order was not "without" the jurisdiction of the court.

In this connection it must be borne in mind the witnesses claimed fees at the May term; that the failure to have such fees lawfully taxed at that term was not due to any matter over which they had control.

Defendant further contends it was not competent to show by oral testimony that the witnesses were sworn to their claims; that absent a record showing they were sworn their claims were not lawfully taxed.

Neither section 11798 nor section 11799, Revised Statutes 1929, requires that record be made showing that witnesses claiming fees were sworn. When a witness appears in the trial of a cause, is sworn and testifies, no record is made showing the *fact* that he was sworn. Certainly it will not be claimed that parol evidence would not be admissible to show that a named person did or did not appear as a witness in a cause and give evidence under oath. The rule that a court speaks by its records does not apply to the act of the clerk in swearing witnesses to their claims for fees.

In sustaining plaintiff's motion the court taxed against defendant the sum of $27.40, the balance alleged to be due witnesses whose depositions had been taken by the defendant. The notary who took the depositions stated thereon that the amount of witnesses' fees was $35.10. The evidence shows that after the depositions were returned into court someone "figured the fees," changed the amount stated on the deposition, and thus increased the amount $27.40. The defendant paid $37.90 on the witness fees taxed by the notary. Of course no one had authority unless ordered by the court to change the fees which were endorsed on the depositions by the notary. So,

without deciding whether a witness whose deposition is taken is entitled to a witness fee, we hold the alleged balance of $27.40 should not have been taxed against defendant.

The judgment taxing the fees of witnesses who attended at the May term is affirmed; that part of the judgment taxing $27.40 for the fees of witnesses whose depositions were taken is reversed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment taxing the fees of witnesses who attended at the May term is affirmed; that part of the judgment taxing $27.40 for the fees of witnesses whose depositions were taken is reversed.

*Shain, P. J.,* and *Bland, J.,* concur; *Kemp, J.,* not sitting.