J. H. CONRADES et al., Receivers of BLUE BIRD MANUFACTURING COMPANY, v. BLUE BIRD APPLIANCE COMPANY et al.; EMMETT J. FINNERAN, Receiver of BLUE BIRD APPLIANCE COMPANY, and ELMER E. PEARCY and LUTHER ELY SMITH, Appellants.

Division Two, March 4, 1924.

1.  RECEIVER:  Void Appointment:  Compensation of Receiver and Attorneys.   Where the Court of Appeals, upon prohibition, has ruled that the circuit judge had no jurisdiction to appoint a receiver for a certain corporation and prohibited him from proceeding further in the cause, a motion thereafter filed in the said circuit court by such receiver and his attorneys, praying for an

allowance of compensation for their services, should be stricken from the files.

2. ———: ———: ———: **This Case.** Receivers were appointed for a manufacturing company. They took charge of the assets of the corporation, a part of which was fifty-one per cent of the capital stock of an appliance company. Thereafter they commenced an action in the same circuit court for the appointment of a receiver for the appliance company, alleging that all its directors, officers and managers had abandoned its property, assets and business. The court thereupon appointed a receiver for the appliance company, who qualified and entered upon the performance of his duties, and, with the approval of the court, appointed attorneys to assist him. Thereupon, a stockholder and creditor of the appliance company applied to the Court of Appeals for a writ of prohibition directed to said circuit judge, alleging that he was without jurisdiction to appoint a receiver for the appliance company and that all his acts connected therewith were void. The Court of Appeals decided that the circuit judge had no jurisdiction to appoint said receiver and prohibited him from proceeding further in the cause, and the Supreme Court, upon *certiorari*, refused to quash such decision. Thereafter the receiver of the appliance company and his attorneys, without ever having filed a motion in the Court of Appeals for a modification of its decision and order, filed their motions in the circuit court for an allowance of compensation for their services, and these motions were stricken from the files, and from this order an appeal was taken. *Held*, that it having been determined that the receivers for the manufacturing company were not entitled to have a receiver appointed for the appliance company, the property of the appliance company could not be subjected to the payment of debts contracted under a void order, and the order striking the motions from the files was proper.

Appeal from St. Louis City Circuit Court.—*Hon. Moses Hartmann*, Judge.

AFFIRMED.

*Smith & Pearcy* for appellant.

(1) Even though a case is terminated by dismissal or otherwise for want of jurisdiction, the court has authority to render judgment against the plaintiff for

the costs he has improvidently incurred therein. Ensworth v. Curd, 68 Mo. 282; State v. Thompson, 81 Mo. 163; Pollard v. Atwood, 79 Mo. App. 193, 196; Cary v. Dennis, 5 Met. 236, 239; Jordan v. Dennis, 7 Met. 590; Call v. Mitchell, 39 Me. 465; Hunt v. Hanover, 8 Met. 346. (2) The case at bar is governed by the statute which provides that: "in all civil actions or proceedings of any kind the prevailing party shall recover his costs against the other party, except in those cases in which a different provision is made by law." Sec. 1694, R. S. 1919. No different provision is made by law in a case of this character. (3) A receiver's allowances are taxable as costs in the case. Sec. 1451, R. S. 1919; St. Louis v. Gas Light Company, 11 Mo. App. 237, 87 Mo. 223. (4) Where one is enjoined from prosecuting his business, dispossessed of his property and a receiver appointed to take charge, at the plaintiff's instance, the compensation for the receiver's services is taxable as costs against the plaintiff, the losing party. St. Louis v. Gas Light Company, 11 Mo. App. 237, 87 Mo. 223. Although the trial of an action may be a nullity for want of jurisdiction and on appeal be dismissed for that reason, yet the costs of the case are properly taxable against the losing party. Call v. Mitchell, 39 Me. 465. Where the receivership is illegally procured, the costs of the receivership may be taxed against the complainant procuring the appointment of such receiver. Hawes v. Bank, 229 Fed. 51, 59; Fryer v. Weakley, 261 Fed. 509, 514; State ex inf. Hadley v. Peoples U. S. Bank, 197 Mo. 605, 610, 615; Elman v. Pacific Bank, 129 Cal. 589, 592; Finneran v. Burton, 291 Fed. 37; McAnrow v. Martin, 183 Ill. 467, 472; Highley v. Dean, 168 Ill. 266, 272; High on Receivers (4 Ed.) p. 34.

*Wm. S. Bedal* for respondent.

(1) The writ of prohibition made permanent by the Court of Appeals (State ex rel. Priest v. Calhoun, 207

Mo. App. 149) prohibited any further proceedings in the case of Conrades et al. v. Blue Bird Appliance Co. State ex rel. Calhoun v. Reynolds, 289 Mo. 506. (2) The circuit judge would have been in contempt of this court had he taken any further steps in the case, and he properly stuck the motions from the files. Howard v. Pierce, 38 Mo. 296; State ex rel. v. Ross, 136 Mo. 259, 271; State ex rel. v. Rombauer, 105 Mo. 103. (3) If appellants had desired the circuit court to retain jurisdiction for the purpose of allowing them compensation, they should have applied to the Court of Appeals for a modification of the writ of prohibition to allow the circuit court to exercise this jurisdiction. Not having done so, the circuit court must obey the writ as it was issued and made permanent. Lion Bonding Co. v. Karatz, 67 L. Ed. 733. (4) The order appointing the receiver being void, the receiver and his attorneys are not entitled to compensation. The receiver in such case is a trespasser and all acts done by him as receiver are void. Sullivan v. Gage, 145 Cal. 759; Lion Bonding Co. v. Karatz, 67 L. Ed. 733; People ex rel. v. Jones, 33 Mich. 303; 2 Tardy's Smith on Receivers, sec. 627, p. 1751; Verplank v. Mercantile Ins. Co., 2 Paige (N. Y.) 438; People v. Bank, 114 N. Y. Supp. 440; McBride v. Coleman, 119 N. E. 152; Ex parte Morgan Smith, 23 Ala. 94. (5) There is no warrant for having the compensation of the attorneys for the receiver taxed as costs. They should be paid from the fund as costs of administration if the appointment of the receiver is not void, otherwise the receiver is personally liable. City of St. Louis v. Gas Light Co., 11 Mo. App. 243, 87 Mo. 224; Sullivan Timber Co. v. Black, 159 Ala. 570; Sullivan v. Gage, 145 Cal. 759. (6) The order appointing the receiver being void, the proceeding is void *ab initio,* and all orders made by the court in recognition of the receivership are void. Jones v. Schaff Bros. Co., 187 Mo. App. 597; Finneran v. Burton, 291 Fed. 37; People ex rel. v. Weigley, 40 N. E. 300; Hendrie & Bothhoff Co. v. Parry, 37 Colo. 359;

State ex rel. v. District Court, 21 Mont. 155; Anderson v. Robinson, 63 Ore. 228; Ogden City v. Bear Lake Co., 18 Utah, 279; 2 Tardy's Smith on Receivers, sec. 692, p. 1884. (7)   The prevailing party in this case was Priest. The Appliance Company was not the prevailing party. Even if it was, it is not responsible for the receiver's compensation and that of his attorneys.   Section 1694, Revised Statutes 1919, therefore, does not apply, and by the same token Section 1451 likewise does not apply. Burlow v. Railway Co., 275 Mo. 185.

RAILEY, C.—The real issue in this court is contained in a narrow compass.   It appears from the record that on May 25, 1920, the St. Louis Circuit Court appointed John H. Conrades, Thomas Mellon and Ben G. Brinkman receivers of the Blue Bird Manufacturing Company, a Delaware corporation.   Said receivers took charge of all the assets of the above corporation, a part of which consisted of fifty-one per cent of the capital stock of the Blue Bird Appliance Company, a Missouri corporation.   On June 19, 1920, said receivers commenced an action against the Appliance Company, in the circuit court aforesaid, to have a receiver appointed for said last named company.   They alleged the ownership of said fifty-one per cent of stock as such receivers, and based their right to have a receiver appointed for the Appliance Company solely on the ground that all of the directors, officers, managers and executives of the Appliance Company had resigned, abandoned the property and assets of said company, and that it was without any officers, directors, managers or executives.   The circuit court thereupon appointed appellant Emmett J. Finneran receiver of the Appliance Company, who qualified, and entered upon the performance of his duties as such receiver.   Appllants Pearcy and Smith were likewise appointed as attorneys for receiver Finneran.   On November 1, 1920, Mr. George T. Priest filed, in the St. Louis Court of Appeals, an application for a writ of prohibition against Judge Calhoun, before whom said

cause was pending, in which a receiver had been appointed to take charge of the property and assets of the Appliance Company. Mr. Priest alleged in his application for a writ that he was a stockholder and creditor of the Appliance Company, etc. He further alleged that the circuit court was without jurisdiction to appoint said receiver, and that its acts in so doing were void, etc. Thereafter, the St. Louis Court of Appeals issued in said cause a writ of prohibition against the judge of the circuit court aforesaid, before whom said cause was pending, which absolutely cut off his right to proceed further in said cause. [207 Mo. App. 149.] Our Court en Banc, in a *certiorari* proceeding, refused to quash the record of the Court of Appeals in respect to its action in issuing the writ of prohibition aforesaid. In other words, the Court of Appeals, in legal effect, held, that the circuit court was without jurisdiction to appoint Mr. Finneran as receiver of the Appliance Company; and that all the proceedings with reference to the appointment of said appellants were *coram non judice* and void. After the issuance of said writ of prohibition, Appellant Finneran, as receiver, and said appellants Pearcy and Smith, as his counsel, filed in the circuit court aforesaid their respective motions, in which they each claimed the sum of $10,000 as compensation for their services. Both motions were by the trial court stricken from the files of said court, without any further disposition of the matter. Thereupon, both Finneran and his attorneys, Pearcy and Smith, appealed to this court. The original receivers, John H. Conrades, Thomas Mellon and Ben G. Brinkman, resigned, the circuit court appointed Wm. H. Schaumberg to succeed them as receiver, and this court permitted him to be substituted as plaintiff in each of the above appeals.

We have read, with a great deal of interest, the briefs of counsel and the authorities cited therein. We have been unable to find any authority in this State or elsewhere, based upon the facts before us, which sustains

the contention of appellants. The latter did not see fit to go before the Court of Appeals and ask for a modification of the writ of prohibition, so as to enable them to present their respective claims for services and compensation, if they were entitled to any. The circuit court was without jurisdiction to proceed further in said cause after the issuance and service of said writ by the Court of Appeals. Its power to issue same was definitely settled by the ruling of the Supreme Court en Banc in the *certiorari* proceeding. We are of the opinion that if the circuit court had proceeded to a trial of appellants' motions, it would have been in contempt of the Court of Appeals, and liable to be proceeded against accordingly. If the plaintiffs were not entitled to a receiver for the Appliance Company, why should the property of the latter be subjected to the payment of appellants' debts contracted under a void proceeding?

It should be kept in mind that this is not a proceeding in which the appellants are seeking to compel the Blue Bird Manufacturing Company to compensate them for the services alleged to have been performed. Nor is it a proceeding in which the original receivers, as individuals, are called upon to compensate the appellants for said services. Nor is the question legally before us, as to whether the appellants are estopped from asserting a right of action in this case, on account of their alleged election in presenting their demands for said services against the Federal Receiver, to whom appellant Finneran delivered the property and assets of the Appliance Company. We express no opinion as to the right of appellants in respect to either of said matters. On the contrary, we simply hold that, in the action now pending before us, the trial court committed no error in obeying the writ of prohibition issued against it, by the Court of Appeals, with the endorsement of the Court en Banc.

(a) Under the circumstances of this case, the officers of the court, who were entitled to their legal fees,

could have collected the same by fee bill, if they had not already been paid, without any judgment having been rendered. [Sec. 10986, R. S. 1919; Hoover v. Ry. Co., 115 Mo. 77; Van Trump v. Sanneman, 187 S. W. l. c. 125; Farris v. Smithpeter, 180 Mo. App. 466.]

The demands of appellants called for *adjudication* in some tribunal having jurisdiction over the same. They have no standing in this case, however, because the claim of Finneran to act as receiver was by the Court of Appeals declared void, and appellants prohibited by said court from proceeding further in said cause. The ruling of the trial court on the record before us is accordingly affirmed. HIGBEE, C., concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.

Headnotes 1 and 2: Receivers, 34 Cyc. 467 (1926 Anno).