OPINION
This case arises out of an automobile collision in which Appellee James Peoples negligently made a left turn in front of Appellant John Simes. Throughout this entire case, there has been a plethora of discovery disputes between the parties. The trial court referred the matter to arbitration where a single arbitrator, Richard Nystrom, heard the evidence. Prior to the arbitration, Defendant Peoples stipulated to his negligence in the collision. The only issues to be considered at arbitration were causation and the amount of damages.
The hearing was held on February 5, 1999 where only Simes testified. On February 9, 1999, the arbitrator rendered a total award of $1000 to Simes, $314.45 for medical expenses, and $685.55 for pain and suffering. On March 9, 1999, the trial court granted judgment pursuant to the arbitration award. Following this judgment, Simes filed numerous motions in the trial court for relief from judgment, summary judgment, and several unidentifiable motions. Additionally, on April 30, 1999, Simes filed a motion to vacate judgment. On May 17, 1999, the trial court ordered the Defendant to deposit the $1000 judgment in an escrow account and considered the judgment satisfied.
Simes appeals the judgment of the trial court raising the following assignments of error:
 On February 5, 1999 came [sic] Chairman Richard Nystrom and was sworn in by Chelaun [sic] Nooks[,] the arbitration clerk. The Defendant-Appellee, James Peoples, by and through counsel was not present. Plaintiff-Appellant [sic], John Simes, asked the arbitrator for a just and speedy trial. The arbitrator should have made a default judgement [sic] in favor of the Plaintiff-Appellant as a matter of law. See Article VI and the VI [sic] [A]mendment of the U.S. Constitution.
 On May 29, 1998, Plaintiff-Appellant, John Simes, filed a civil suit that was originally assigned to Judge Patrick J. Foley. On June 18, 1998 the case was transferred pursuant to local rule, to John W. Kessler, Judge. On October 16, 1998[,] Patrick J. Foley, Judge, filed a notice for the court to fix a hearing date of October 23, 1998. Patrick Foley was in Contempt of Court. See J.H. Conrades et al., receivers of Blue Bird Manufacturing v. Blue Bird [A]ppliance Company et al., Emmett J. Finneran, receiver of the [B]lue [B]ird [A]ppliance [C]ompany, and Elmer E. Pearcy and Luther Ely Smith, [A]ppellants[,] 302 Mo. 627; 259 S.W. 98; 1924 Mo. Lexus 820.
 On three occasions Defendant-Appellee, James Peoples was not present to take deposition [d]uces [t]ecum. It was noticed for January 19, 1999 at 10:00 a.m. [In] [a] court order that was filled [sic] on September 1, 1998, Defendant-Appellee counsel, Brian L. Wildermuth, stated we will not produce James Peoples for the deposition you have noted. The judge made an error and should have found Defendant[-]Appellee James Peoples in contempt of court.
 On August 12, 1998[,] a telephone pre-trial conference was held and Plaintiff-Appellant, John Simes, agreed to submit interrogatories. On September 29, 1998 [D]efendant-Appellee, James Peoples, by and through counsel, Christopher F. Johnson stated that he sent interrogatories on August 14, 1998. But, the fact of the matter is that the interrogatories were actually sent August 18, 1998. John W. Kessler, Judge[,] should have filed perjury charges against Defendant-Appellee James Peoples.
 On May 22, 1999[,] Plaintiff-Appellant, John Simes, filed a court docket along with a notice of appeal with the court and sent a time[-]stamped copy to Defendant-Appellee James Peoples, by and through counsel which was sent by [c]ertified [m]ail in which they signed for [sic]. The Defendant-Appellee, James Peoples by and through counsel is wasting this Court's time and resources.
 Arbitrator's award to the Plaintiff-Appellant was grossly inferior to the actual expenses incurred for medical expenses, loss of consortium, and pain and suffering and should be modified to fairly compensate the Plaintiff-Appellant.
After reviewing the record, the transcript of the arbitration hearing and the briefs, none of Appellant's assignments of error are well taken. Judgment of the trial court is affirmed.
 I
In his first assignment of error, Simes appears to believe his right to a speedy trial was violated because Peoples was not present at the arbitration. For this reason, he feels he was entitled to a default judgment. As an initial matter, we recognize that the right to a speedy trial is a constitutional right. However, it is only a constitutional right in criminal prosecutions. Therefore, it has absolutely no application in this civil proceeding.
Civ. R. 55(A) explains that a party can apply for default judgment if the defendant has failed to plead or otherwise defend. In the present case, Peoples filed an answer and his counsel was present at the hearing prepared to defend his case. There are no grounds in this case for default judgment.
Furthermore, Simes, as the Plaintiff below, had the burden of proving his case by a preponderance of the evidence. Peoples stipulated that he was negligent in the collision leaving only the issues of causation and damages. Peoples' presence was not necessary for those issues. If for some reason Simes felt Peoples' presence was necessary at the hearing, it was Simes' responsibility to subpoena him. This did not occur. Accordingly, Simes' first assignment of error is overruled.
 II
In his second and third assignment of error, Simes argues that both Judge Patrick Foley and Peoples should be held in contempt of court. R.C. 2705.02 lists the acts that may be punished as contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer;
 (B) Misbehavior of an officer of the court in the performance of official duties, or in official transactions;
 (C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required;
 (D) The rescue, or attempted rescue, of a person or of property in the custody of an officer by virtue of an order or process of court held by the officer;
 (E) A failure upon the part of a person recognized to appear as a witness in a court to appear in compliance with the terms of the person's recognizance;
 (F) A failure to comply with an order issued pursuant to section 3111.20, 3111.211, or 3111.22
of the Revised Code or a withholding or deduction notice issued under section 3111.23 of the Revised Code;
 (G) A failure to obey a subpoena issued by the department of human services or a child support enforcement agency pursuant to section 5101.37 of the Revised Code;
 (H) A willful failure to submit to genetic testing, or a willful failure to submit a child to genetic testing, as required by an order for genetic testing issued under section 3111.22 of the Revised Code.
Simes contends that Judge Foley should be held in contempt because he issued a notice to respond to a motion after the case had already been transferred to Judge Kessler. The only potential section that could apply to this action would be R.C. 2705.02(B), "Misbehavior of an officer of the court." However, this clearly does not constitute misbehavior on Judge Foley's part. Judge Foley's staff apparently received a copy of the motion and inadvertently sent out the notice without realizing the case had been transferred to Judge Kessler. This simple act of inadvertence in no way prejudiced Simes and does not even border on an act of contempt.
Additionally, Simes insists that Peoples should be held in contempt for his failure to appear at two noticed depositions. The only way Peoples could be held in contempt for this is if there was a court order requiring him to appear as stated above in R.C. 2705.02(A).
On December 29, 1998, Simes sent out a notice that he had scheduled Peoples' deposition for January 19, 1999. On January 12, 1999, counsel for Peoples sent a letter to Simes advising that the deposition was not necessary because Peoples stipulated to negligence in the collision, leaving only the issues of causation and damages. Since Peoples had no knowledge of Simes' injuries, his testimony was irrelevant to the case. Simes sent another notice on January 22, 1999, advising Peoples' deposition was rescheduled for January 26, 1999. Counsel for Peoples maintains that he did not receive this notice. On February 1, 1999, following several discovery motions filed on behalf of both Simes and Peoples, the trial court ordered Peoples to submit to a deposition.
Following yet another motion by Simes, Peoples filed a motion to strike on February 9, 1999. In this motion, Peoples agreed to submit to a deposition pursuant to court order and invited Simes to contact his counsel to make arrangements. Following this date, there is no evidence in the record that Simes ever contacted Peoples' counsel or sent any further notices to take his deposition. Until February 1, 1999, there was no court order requiring Peoples to appear for a deposition. Therefore, Peoples did not commit any act punishable by contempt.
Based on the foregoing, the second and third assignments of error are not well taken and are overruled.
 III
Simes' fourth assignment of error alleges that Peoples should have been charged with perjury for a statement he made in a September 29, 1998 motion to compel. In the motion, Peoples states that he mailed interrogatories and other documents on August 14, 1998, which is the date of the letter attached to the motion. Simes contends that the envelope containing this letter and these documents was post-marked on August 18, 1998. Based on this discrepancy, Simes feels Peoples should be charged with perjury.
R.C. 2921.11 explains when a person has committed perjury. "No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material." In the present case, the statement complained of was made in a motion, not an official proceeding. Furthermore, neither Peoples or his counsel was under oath when the statement is made. And finally, the fact that the post-mark date of the envelope is four days following the date of the letter does not necessarily constitute a false statement. Accordingly, Simes' fourth assignment of error is overruled.
 IV
Simes' fifth assignment of error is apparently in response to a motion to dismiss the appeal filed by Peoples on August 31, 1999. We responded to this motion on October 6, 1999 and resolved the issue in favor of Simes. Therefore, this assignment of error is moot.
 V
In his sixth assignment of error, Simes appears to be claiming that the arbitrator's award was against the manifest weight of the evidence. There is a procedure set forth in Chapter 2711 of the Revised Code when a party wishes to have the arbitration award vacated, modified or corrected. R.C. 2711.13
provides that any motion to vacate, modify or correct an arbitration award must be served upon the opposing party within three months after the award is delivered to the parties. Additionally, the motion must state grounds as set forth in either R.C. 2711.10 or 2711.11.
R.C. 2711.10 explains on which grounds a court may vacate an arbitration award:
 (A) The award was procured by corruption, fraud, or undue means.
 (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
R.C. 2711.11 provides the grounds upon which a trial court may modify an arbitration award:
 (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
 (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
 (C) The award is imperfect in matter of form not affecting the merits of the controversy.
Simes did not specifically file either a motion to vacate or a motion to modify the arbitration award in the trial court. However, two of his motions which were filed within the three-month time period could be construed as requesting some type of relief from the arbitration award. On March 12, 1999, Simes filed a motion captioned "Plaintiff John Simes reply memorandum in support of motion to overrule arbitrator's decision." Then on April 30, 1999, Simes filed a motion to vacate judgment. The trial court had filed a judgment entry on March 9, 1999 adopting the arbitration award. Subsequently, the trial court overruled both of Simes' motions.
An appellate review in this case is limited to review of the decision of the trial court issued pursuant to Chapter 2711.Sparks v. Barnett (1992), 78 Ohio App.3d 448, 450. The appellate court may not evaluate the substantive merits of the arbitration award, "absent evidence of material mistake or extensive impropriety." Id.; Warren Edn. Assn. V. Warren City Bd. of Edn.
(1985), 18 Ohio St.3d 170.
The only potential ground for relief that Simes has mentioned would be R.C. 2711.11(A), "[a]n evident material miscalculation of figures." Simes claims that he was entitled to more than just medical bills, including punitive and treble damages, damages for emotional distress and loss of consortium. After reviewing the transcript, there is no evidence the arbitrator made any miscalculation of figures. Simes only submitted $314.45 in medical bills at the hearing. He presented no evidence of any other claim, except his testimony of continuing headaches. Clearly, there is no "material mistake or extensive impropriety" in the arbitrator's award of $1000. Accordingly, Simes' sixth assignment of error is overruled.
As a final matter, we should point out that Simes was never entitled to damages for emotional distress, loss of consortium or punitive damages. None of these claims were mentioned in Simes' complaint, and therefore cannot be claimed at this point. Further, loss of consortium is only a remedy available for loss of services and companionship, which is not available directly to the injured party. Finally, punitive damages are not available in mere negligence cases. See Preston v. Murty (1987), 32 Ohio St.3d 334.
Based on the foregoing, all of Appellant's assignments of error are hereby overruled and judgment of the trial court is affirmed.
YOUNG, J., and KERNS, J., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting By Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
John Simes
Christopher F. Johnson
Brian L. Wildermuth
Hon. John Kessler